373 So.2d 246 (1979)
Odie W. COX
v.
Thomas M. LOCKWOOD et al.
No. 9833.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1979.
Rehearing Denied August 10, 1979.
*247 Levy, Smith & Gennusa, Robert M. Loev, New Orleans, for plaintiff-appellant.
Sidney D. Torres, III, and George N. Bischof, Jr., Chalmette, for defendant-appellee.
Before SAMUEL, LEMMON and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff, Odie W. Cox, was employed by the defendant, Bergeron Industries, Inc., a shipbuilder, as an area supervisor-erection foreman at a salary of $347 per week in connection with the erection of barges. Following his discharge, plaintiff applied for unemployment compensation.
The initial determination of plaintiff's eligibility to receive such compensation was that plaintiff had been separated from his employment under nondisqualifying conditions and thus was entitled to the unemployment compensation for which he had applied. That determination was made by an agency of the Department of Employment Security on the ground that the information submitted (by the employer and the employee on forms furnished by the agency) was inadequate to establish misconduct connected with plaintiff's work.
Bergeron Industries appealed the agency's claim determination to an Appeals Referee of the Department before whom a hearing was held. Following that hearing the Referee reversed the determination of the agency and assessed a disqualification for benefits against the plaintiff. His reasons for so acting were stated as follows:
"From the testimony in this case it can clearly be seen that the claimant was discharged from his job for failure on several occasions to carry out his assigned duties as supervisor. His actions in this case constitute disqualifying misconduct since they represent `. . . an intentional and substantial disregard of the employer's interest or of the employees duties and obligations to the employer.' A disqualification for benefits is warranted in this case."
Plaintiff then appealed the Referee's decision to the Board of Review of the Department. The Board affirmed the decision of the Appeals Referee. Plaintiff next appealed to the appropriate district court which affirmed the decisions of the Appeals Referee and the Board of Review. Finally (insofar as this court is concerned), plaintiff has prosecuted this appeal from the district court judgment.
In this court appellant contends the employer, which bore the burden of proof, presented insufficient competent evidence to support its allegations of misconduct. The contention primarily is based on the argument that the employer's evidence consisted of hearsay.
As provided by LSA-R.S. 23:1634, our judicial review is confined to questions of law; the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, are conclusive.
The record contains the testimony of three witnesses who appeared at the hearing. They were the employer's director of administration, its operations manager, and the plaintiff. We have carefully read that testimony and we believe it suffices to say that, while we agree some of the testimony was hearsay, the employer did offer sufficient competent evidence to support the Board's factual conclusions regarding misconduct and that those conclusions are sufficient to disqualify the plaintiff from receiving benefits in this case.
*248 For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.