384 So.2d 485 (1980)
Odeal Martin BANKS, Plaintiff-Appellant,
v.
ADMINISTRATOR OF the DEPARTMENT OF EMPLOYMENT SECURITY of the State of Louisiana and Winnsboro Manor Nursing Home, Defendant-Appellee.
No. 14124.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
Rehearing Denied June 12, 1980.
*487 North Louisiana Legal Assistance Corp. by Randy Hillhouse, Winnsboro, for plaintiff-appellant.
James A. McGraw and Willie D. Maynor by James A. McGraw, Baton Rouge, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied June 12, 1980.
MARVIN, Judge.
A discharged employee of a nursing home who prepared meals for patients on special diets was held disqualified for unemployment compensation benefits because of misconduct (absenteeism) connected with the employment. LRS 23:1601(2).
She appeals the decision, contending that she was not given a "fair hearing" and that the decision of the appeals referee was not supported by sufficient evidence and is legally in error (LRS 23:1629, 23:1931, 23:1634). We affirm.
Misconduct under the law is a deliberate violation of the employer's policies and rules or a substantial disregard of the employer's interest or of the employee's duties. Heard v. Doyal, 259 So.2d 412 (La. App. 2d Cir. 1972). Absenteeism does disqualify a claimant. White v. Gerace, 372 So.2d 756 (La.App. 4th Cir. 1979). The referee before whom the hearing is held is not bound by rules of evidence and procedure, but he may not base his decision on hearsay evidence alone. LRS 23:1631; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964).
Claims for benefits are made in accordance with regulations prescribed by the administrator (§ 1622) to an agent designated by the administrator who shall give notice of the claim to the employer. A determination of the claim shall be made promptly and shall state reasons for denial (§ 1624). Any party may appeal from this determination at which time a "fair hearing" shall be held in accordance with regulations prescribed by the administrator, whether or not such regulations conform to the usual rules of evidence and other technical rules of procedure (§§ 1629, 1631). The parties to the hearing may appeal from the decision of the tribunal (§ 1630) eventually to the courts (§ 1634) where jurisdiction is limited to questions of law and to the question of whether or not the decision is supported by "sufficient evidence" (§ 1634). Where more than one reasonable interpretation or construction can be drawn from the evidence, the courts should accept the construction or interpretation made by the agency. Heard v. Doyal, supra.
The claimant complains that the initial determination of ineligibility (failure to report for work without notifying the employer) should be reversed when it is found to be untrue by the hearing referee. The hearing referee found that claimant was discharged because she continued to be absent from work without permission or without being properly excused after being warned and counseled, even though she may have had others report her absence.
The hearing referee found that the claimant was aware of the employer's rules about adherence to a posted work schedule, the employer's policy that unexcused absence was grounds for discharge, that claimant was absent from work quite a bit during the last six months of her employment without being excused, and that she was terminated when she continued to be absent without permission or without being properly excused after being warned. Claimant's absences were reported by a niece who telephoned the food service supervisor. The record compiled before the agency and at the hearing contains sufficient evidence from which these conclusions may be drawn.
Claimant overlooks the distinction between the initial determination from which one may appeal (apply for a hearing) and the appeal of the decision which is made after the hearing. This determination is an investigatory step which is not an adversary hearing. The hearing before the "appeals" referee is an adversary hearing where witnesses may be subpoenaed and cross-examined, where some rules of evidence and procedure must prevail, and *488 where fairness and due process must be observed.
After claimant filed her claim, the nursing home administrator initially replied to the investigatory agent on December 29, 1978, that the food service supervisor had spoken to claimant about claimant's failure to work when scheduled but that claimant continued to miss work when scheduled. On January 10, 1979, the claimant stated to the investigatory agent that she had called the food service supervisor on December 17, 1978, and had gotten her "o.k." to miss work. In response to a further request by the investigatory agent, the administrator stated on January 18, 1979, that claimant did not report to work for three days and failed to call the supervisor. The initial determination simply said "failure to work without calling in". We are not favored with reasons why this initial determination was made, but in any event, the referee before whom the hearing was to be held recognized the true issue, perhaps because of his better experience and training, and so notified the claimant and the employer.
In the notice to claimant and to the employer to appear for the hearing, it is clearly stated:
"The issue(s) before the Referee are the correctness of the following:
"The claimant was discharged for absenteeism with notification, and this is misconduct connected with the employment."
After the hearing, the referee concluded that
"... claimant reported her absence but many times these absences were not for an excusable [... "proper" ...] reason."
The administrator testified about rules and policies regarding the work schedule and plaintiff's awareness of the rules. The administrator said while claimant's last absence was reported it was "improperly reported ... unexcused ... [caused] some unrest with other employees... It was a pattern ... had it happened just this one time we could have... forgotten about it. But it continually happened."
Claimant disregarded her duties and the work schedule and policies of her employer. Even if she properly notified the employer by having her niece telephone, some of her absences (and her last one) were unexcused. This is misconduct (unexcused absenteeism) connected with the employment and sufficient evidence supports the conclusion. Claimant was given notice of the true issue. A fair hearing was held. Due process was met. We find no error of law.
AFFIRMED at appellant's cost.
HALL, J., dissents with written reasons.
HALL, Judge, dissenting.
Claimant, Odeal Martin Banks, appealed from a judgment of the district court affirming the decision of the Board of Review of the Office of Employment Security denying claimant unemployment compensation benefits. I would reverse, and accordingly dissent from the majority opinion affirming the judgment.
After discharge from her employment as a cook at Winnsboro Manor Nursing Home, claimant applied for unemployment compensation benefits. The agency determined that claimant was guilty of disqualifying misconduct by "failure to report for work without notice." Upon claimant's appeal from this determination, and after a hearing, the appeals referee affirmed the agency's determination upon a finding that claimant "continued to be absent without permission or being properly excused after being warned and counseled."
LSA-R.S. 23:1624 provides that the agency shall promptly make a determination of the claim. "In the event of a denial of benefits the determination shall state the reason therefor." LSA-R.S. 23:1625 provides that "notice of determination, together with the reason therefor shall be promptly delivered to the claimant." LSA-R.S. 23:1629 provides that "the claimant or any other party entitled to notice of a determination may file an appeal from such determination."
*489 The statute refers throughout to an agency determination and an appeal therefrom. The determination appealed from in this case, and of which notice was given to the claimant, reads as follows: "You were discharged from your job for failure to work on days scheduled without calling in. Failure to report to work without notice is considered to be misconduct connected with the employment."
Contrary to the view of the majority opinion, the appeals referee did not perceive the issue to be broadened on appeal. Although the notice of the hearing contained an obvious typographical error in referring to "absenteeism with notification" rather than without notification, the appeals referee at the outset of the hearing and in his written opinion stated the determination appealed was absenteeism without notification.
The finding of the appeals referee went beyond the grounds for the agency determination of which claimant had fair notice and from which she appealed. At the appeal hearing it was established that the employer was given advance notice of claimant's intended absences from scheduled workdays. Further, the evidence at the hearing was not sufficient to establish that the absences, not great in number, were without permission or proper excuse, or that the claimant was warned or counseled about the absences.
Disqualifying misconduct as determined by the agency was not established at the appeal hearing. Claimant is entitled to unemployment compensation benefits.
Before PRICE, HALL, MARVIN, J. JONES and F. JONES, JJ.

PER CURIAM DENYING REHEARING
The claimant correctly asserts in her application that LRS 23:1692 relieves her from payment of court costs unless it is found that she instituted the proceedings for judicial review frivolously. We do not find claimant to have been frivolous in seeking judicial review and accordingly, relieve her from payment of costs.
Claimant's application for rehearing is denied.
HALL, J., dissents from the denial of rehearing.