MARVIN, Judge.
In this unemployment compensation case the claimant appeals from a judgment affirming the administrative decision disqualifying him for benefits under LRS 23:1601. We reverse and render judgment for claimant.
The agency’s Notice of Claim Determination stated:
“You were discharged for insubordination to your supervisor and for continued refusal to carry out direct instructions. *913 “It is determined that your discharge was for misconduct connected with the work.” Emphasis ours.
Claimant appealed this determination and the required hearing before an Appeals Referee was scheduled. This is the adversary hearing in the administrative process where some rules of evidence and procedure must prevail and where fairness and due process must be observed. LRS 23:1629. Banks v. Administrator of Dept. of Employment Security, 384 So.2d 485 (La.App.2d Cir. 1980); King v. Brown, 115 So.2d 405 (La.App.2d Cir. 1959). The hearing was bifurcated because the employer desired to testify in South Louisiana rather than at claimant’s domicile. Claimant received a notice to appear at each hearing. These notices were identical in stating the issue to be decided by the referee. The notice of the hearing in South Louisiana contained a statement that it was not necessary or required that claimant attend this hearing. Each “Notice to Appear for Hearing” stated the issue in these words:
“The issue(s) before the Referee are the correctness of the following:
“Alleged grounds for disqualification: “The claimant was discharged from employment because of refusal to do assigned work.
The discharge was for misconduct connected with the work.” Emphasis ours.
One Referee heard claimant testify. Another Referee heard the employer’s witnesses testify. The second Referee rendered this opinion:
“A review of the testimony in this case indicated that the claimant was discharged from his employment when he made obscene insubordinate remarks to the Personnel Manager after having been warned about his job performance. It can be concluded that his actions which resulted in his discharge do demonstrate disqualifying misconduct.” Emphasis ours.
This opinion obviously bases claimant’s disqualification solely upon claimant’s insubordination and there is no finding in the opinion that claimant’s disqualification was based upon his “refusal to do assigned work” or “to carry out direct instructions”, the issue that claimant was notified to refute or defend by the notices to appear for the hearing.
Due process and fairness were not observed. Banks, supra; King, supra. We need not discuss other issues raised in this appeal by claimant.
The judgment appealed is REVERSED at the cost of the appellee, and
IT IS HEREBY ORDERED that the claimant is not to be disqualified for unemployment compensation benefits on the grounds that he was insubordinate.