GUIDRY, Judge.
This is a suit for judicial review of an administrative determination that plaintiff, Edolia M. Anderson, is not entitled to unemployment compensation. La.R.S. 23:1634.
Plaintiff was terminated from her job as a direct care person at Casa de Vida on October 29, 1982, for alleged acts of insubordination toward her team leader and refusing to carry out her assigned duties. Thereafter, plaintiff applied for and was granted unemployment compensation, it having been initially determined that plaintiff was not guilty of misconduct connected with her employment.
Casa de Vida, the employer, timely appealed. After a hearing on December 14, 1983, the appeals referee reversed the initial claim determination, thus disqualifying plaintiff from receiving benefits.
Plaintiff appealed the latter decision to the Board of Review on February 21, 1983, alleging that she did not receive due notice of the hearing before the appeals referee. The Board of Review, after reviewing the record, ordered that the decision of the appeals referee be affirmed. Thereafter, on May 9, 1983, plaintiff sought judicial review, joining as defendants the Administrator, State of Louisiana, Department of Employment Security and Casa de Vida. *1151 Plaintiff alleged that there was lack of sufficient proof to conclude she had been insubordinate; she had obeyed her employer’s instructions; and, she never received due notice of the appeals hearing. She alleged that the lack of due notice denied her the right to confront and cross-examine her accusers, and denied her the fundamental right to be heard. Plaintiff prayed for reversal of the decision of the Board of Review or, alternatively, that the matter be remanded to an appeals referee for a full and complete hearing.
Casa de Vida answered the petition on May 26, 1988. The State finally answered the petition on April 23, 1984, after plaintiff filed a rule to show cause why the State should not be held in contempt for failing to answer as required by La.R.S. 23:1634 and La.C.C.P. art. 1001.
Plaintiff next filed a first supplemental and amending petition on May 11, 1984, alleging that the Administrator, through an unknown employee, committed fraud by destroying or disposing of the notice to appear directed to plaintiff for the December 14, 1983 hearing. Plaintiff further alleged that notice was never delivered to her because an incorrect mailing address was used. Plaintiff reiterated the prayer of her original petition.
The State, through the Administrator, failed to answer the supplemental petition. After a hearing, the trial court ordered the matter remanded for a new hearing before an appeals referee.
The second hearing before an appeals referee took place on November 20, 1984, after due notice to both plaintiff and her employer, Casa de Vida. At this second hearing, plaintiff and a witness for plaintiff appeared and testified, however, the employer did not appear. Following this second hearing, plaintiff was again denied compensation by the appeals referee, which decision was affirmed by the Board of Review on December 14, 1984. Plaintiff again sought judicial review.
The State, through the Department of Employment Security, then filed a “Return in Judicial Review Under Remand Order” praying that “there be Judgment herein reversing the decision of the Louisiana Board of Review rendered December 14, 1984”. The trial judge ordered that the matter be submitted only upon briefs. After considering the findings of fact made by the Board, the court concluded that the evidence presented supported the findings “and the Board’s legal conclusions based upon these facts are correct as a matter of law”. The trial court thus affirmed the second decision made by the Board of Review.
From this adverse judgment, the plaintiff perfected the present appeal. On appeal the plaintiff-appellant and the Administrator, State of Louisiana, Department of Employment Security, both urge a reversal of the trial court’s decision.
The findings of a Board of Review are conclusive as to the facts, if supported by sufficient evidence and in the absence of fraud, and the jurisdiction of the court is confined to questions of law. La.R.S. 23:1634; Carter v. Blache, 476 So.2d 873 (La.App. 2d Cir.1985).
Plaintiff contends that the findings and conclusions of the Board of Review after the second appeals referee hearing are not supported by legal and competent evidence. In this regard, plaintiff asserts that the Board could not use testimony from the first appeals referee hearing because that hearing was totally defective because plaintiff never received proper notice of the hearing and was, therefore, denied her fundamental right to be heard, and denied her right to confront and cross-examine her accusers. Additionally, plaintiff asserts that hearsay evidence on a previous act of insubordination was improperly allowed into evidence at the first hearing.
The Board of Review, after the second appeals referee hearing, set out the following evidentiary finding and final opinion:
“EVIDENCE
The claimant was employed by the named employer from September 16, 1982, to October 29, 1982, as a direct care *1152 person. She normally worked 40 hours per week as scheduled and was paid at the rate of $3.35 per hour. The claimant’s immediate supervisor was Mrs. Malveaux who was the team leader on duty. She had the authority to direct the claimant in her work activities. On October 29, 1982, Mrs. Malveaux found that she was shorthanded on the first floor. She asked the claimant, who was working on the third floor, to report to the first floor for duty that night. The claimant became upset, however, and did not come down for awhile. When the claimant came down, she continued to talk and use curse words. The team leader advised the claimant to either clock-out or to go and talk to her supervisor. The claimant returned to the third floor rather than follow either of the team leader’s orders. The claimant had been previously warned regarding her insubordination to the team leader. When the team leader reported this incident to her supervisor, the claimant was terminated for insubordination.
OPINION
R.S. 23:1601(2) provides that an individual shall be disqualified for benefits: If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance laws of any other state or of the United States equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and (b) has not left his last work under disqualifying circumstances. A compensable week is defined as a week for which benefits would otherwise be payable except for the disqualification imposed by this Paragraph or by the provisions of R.S. 23:1600(4). In addition, if the administrator finds that such misconduct has impaired the right, damaged or misappropriated the property of, or has damaged the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be can-celled and no benefits shall be paid on the basis of wages paid to the individual by such employer.
After carefully considering the evidence, testimony and record in this case, the Board finds that the claimant had been previously warned regarding her insubordination to the team leader. When she was directed to come to the first floor and help as there was a shortage of workers on October 29, 1982, the claimant refused and talked back to the team leader. These acts of insubordination led to her discharge.
Due to the aforementioned, the Board concludes that the claimant was insubordinate to her supervisor after previous warnings. This is a disregard of the employer’s interest and is misconduct connected with the employment. Benefits should be denied.
IT IS ORDERED that the previous decision of the Board of Review, rendered and mailed on April 22, 1983, affirming the decision of the Appeals Referee which assessed a disqualification for benefits effective October 29, 1982, under Section 1601(2) of the Law, shall remain in full force and effect.”
Plaintiff asserts that much of the Board of Review decision was improperly based upon the first appeals referee hearing, which hearing was defective.
La.R.S. 23:1629 states in pertinent part as follows:
“The claimant or any other party entitled to notice of a determination may file an appeal from such determination with an appeal tribunal within fifteen days after the date notification was given or was mailed to his last known address.
Unless the appeal is withdrawn with its permission or is removed to the board of review, the appeal tribunal, after affording the parties reasonable opportu *1153 nity for a fair hearing, shall make findings and conclusions and on the basis thereof affirm, modify, or reverse the determination.” (Emphasis ours).
A hearing before an appeals referee is the evidentiary hearing in the administrative process. A “fair hearing”, as used in this section, is synonymous with a fair and impartial trial, and requires sufficient notice of the hearing, the right to cross-examine one’s accusers, and the right to examine and refute evidence tendered against the claimant. Banks v. Administrator of the Department of Employment Security of the State of Louisiana, et al, 393 So.2d 696 (La.1981); Calhoun v. Administrator of the Department of Employment Security of the State of Louisiana, et al, 390 So.2d 912 (La.App. 2d Cir.1980); King v. Brown, 115 So.2d 405 (La.App. 2d Cir. 1959).
In the present case, the trial court correctly recognized that the first appeals referee hearing was defective and absolutely null due to the lack of notice to the defendant. Since the first hearing was completely null, the evidence obtained during the hearing could not be considered by the appeals referee or the Board of Review at the hearings after remand. Thus, the second decision by the Board of Review must be based upon the legal and competent evidence obtained at the second appeals referee hearing.
The record indicates that all parties were properly notified of the second hearing. Plaintiff and her witness attended and testified. However, no representative from Casa de Vida appeared.
We agree with appellant’s contention that the findings of fact by the Board of Review and, upon which it relied in assessing appellant’s disqualification, are not supported by sufficient evidence.
First, the Review Board found that plaintiff became “upset” and did not report to her team leader on the first floor for awhile. However, the evidence obtained at the second hearing indicates that plaintiff responded to the team leader’s request timely. Plaintiff explained that she went to the first floor twice. The first time she could not find the team leader, even though she asked several people of her whereabouts, so she returned to the third floor to attend to her students. She then waited for some time before returning to the first floor, at which time she found the team leader. Plaintiff explained that she was the only Direct Care Person on duty on the third floor so she did not want to leave her students who need constant supervision.
The evidence does indicate that plaintiff became “upset”. However, the evidence also indicates that plaintiff only became “upset” when told to report to the administrator’s office. The evidence does not indicate that she became “upset” and did not report to the team leader. Additionally, even though she was “upset”, the record indicates that she reported directly to the administrator’s office without any further disturbance.
Next, the Review Board found that plaintiff continued to “talk and use curse words” when she reported to the team leader. However, there is not one shred of evidence to indicate that the plaintiff uttered any “curse” words, or any words of a derogatory nature. Additionally, the testimony clearly indicates that plaintiff barely had time to ask the team leader one question before being sent to the administrator’s office. \
Plaintiff explained that the administration had instructed all secondary trainers, of which she was one, that they were completely responsible for the care of the students when their primary trainer was absent. The secondary trainers were not to leave the students unless the primary trainer or some other trainer was present to assume responsibility. Plaintiff’s witness, her primary trainer, corroborated the above testimony and also confirmed that she was not present on the third floor on the date when the alleged insubordination took place. Plaintiff testified that, when she responded to her team leader’s call, she questioned her team leader concerning why she was being pulled off of her floor when *1154 the primary trainer was not present, when there was a fill-in trainer present on second floor who could have been pulled, and when she was the only trainer on third floor at the time. According to the testimony, plaintiff did not even have a chance to finish her question or explain herself to the team leader before being sent to the administrator’s office.
Next, the Review Board found that plaintiff went back to the third floor instead of reporting to the administrator’s office or clocking out as suggested by the team leader. Again, we can find no testimony or evidence presented at the second hearing to corroborate this factual finding by the Board. All of the evidence presented at the second hearing indicates that immediately after the alleged confrontation, the team leader walked directly to the administrator’s office and the plaintiff followed close on her heels. There is no indication that plaintiff returned to the third floor after speaking with the team leader.
Lastly, the Board found that plaintiff had been “previously warned regarding her insubordination to the team leader”. Apparently, soon after she had been employed by Casa de Vida, the plaintiff had experienced some menstrual pains. According to plaintiff, she reported her condition to the team leader, who then told her to speak with one of the administrators. Plaintiff testified that she was given the day off because of her problem and took the following day off because the pains continued. Plaintiff admits to signing some paper, however, she thought that the paper was merely a request for leave to go home due to illness, not a paper alleging insubordination. She testified that she did not “talk back” to the team leader or the administrator during this incident, that she was not insubordinate, abrupt, or argumentative with anyone at that time. The document which plaintiff allegedly signed was not admitted in evidence, and no one from Casa de Vida testified about this first alleged act of insubordination, thus, the Review Board only had plaintiff’s testimony and the testimony of plaintiff’s witness upon which to make their factual finding. Plaintiff’s witness could not remember plaintiff being written up previously, stated she was a nice person to work with and that she always did her work. From the testimony of plaintiff and her witness, it was not possible for the Board to conclude that plaintiff had been previously warned for insubordination by the team leader.
“Misconduct”, within the purview of La. R.S. 23:1601,[1] is intentional wrongdoing, an act of willful or wanton disregard of the employer’s interests, or a deliberate violation of the employer’s rules. Banks, supra; Pilgrim Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir. 1976).
Considering the above, we conclude, as a matter of law, that the evidence adduced at the second hearing falls short of establishing that plaintiff was guilty of misconduct within the meaning of La.R.S. 23:1601, and the Board of Review clearly erred in deciding to the contrary.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing payment to plaintiff of the unemployment compensation benefits to which she is entitled under the Louisiana Employment Security Law. The defendant-employer is cast for all costs.
REVERSED AND RENDERED.

. La.R.S. 23:1601 states in pertinent part:
"An individual shall be disqualified for benefits:
[[Image here]]
(2) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment.”