DUFRESNE, Judge.
This is an appeal by Steven C. Frank, plaintiff-appellant, from a judgment of the trial court sustaining a determination of disqualification for unemployment benefits made by the Office of Employment Security. The trial judge ruled that the factual findings of the administrative referee were based on sufficient evidence and that the law was correctly applied. We affirm that judgment.
Evidence and testimony adduced at the administrative hearing were as follows: Steven Frank was employed by a high pressure washing company for some eight years. On October 14, .1985, about one month before Frank resigned his job, the company was sold to Rex Arabie. When Arabie took over, he found that the truck regularly used by Frank was in poor condition and that the brakes had to be pumped to stop it. Nonetheless, Frank not only used the truck on the job, but commuted to and from work in it, both before, and for a month after, Arabie’s takeover.
It further appears that when Arabie sought insurance coverage for Frank he was told that the premium for that driver would be $1500 more because of his poor driving record. On November 15, a Friday, Frank took the truck home as usual. When he returned to work the following Monday, Arabie informed him that he would no longer be able to drive the truck because of the insurance problem.
The work for that day necessitated that Frank and a co-worker go out in the truck, but Frank refused to do so because of the brake problem, and walked off the job. Arabie further testified that he had purchased a new truck which was being fitted out for use, and that that truck was put into service the day after Frank left the job.
*848 On the basis of this evidence, the referee made the following pertinent findings of fact and conclusions of law:
The facts presented at the hearing show that the claimant left his job because of the condition of the company truck. The evidence clearly shows that the brakes on the truck were bad. However, the brakes on the truck had been bad since before the new owner assumed control of the company, but the claimant had continued working for the employer despite the condition of the vehicle. The evidence further shows that the employer had taken steps to correct the situation by purchasing a new truck, which was not yet ready to drive because the equipment had not yet been installed on it. It is concluded that the claimant left his job without good cause connected with the employment.
This finding was subsequently upheld by the Board of Review, and affirmed by the district court.
Frank now appeals alleging three basic grounds for reversal. The first is that the facts found by the referee were not supported by sufficient evidence. The second is that his conclusion that Frank’s leaving the job was not for good cause was erroneous as a matter of law. The third that Arabie’s appeal from an original determination that Frank was eligible for unemployment, was not timely filed, and was therefore barred.
The standard of review of decisions of the Board of Review appears at La.R.S. 23:1634:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. (Emphasis supplied)
In the present case, we find that the evidence clearly supports the findings of the referee quoted above.
The second question is whether legally, these facts support a conclusion that Frank left the job without good cause. We note initially that when an employee quits employment voluntarily, the burden shifts to him to show that he left the job for good cause connected with his employment, O’Neal v. Blanche, 482 So.2d 700 (La.App. 1st Cir., 1985). The conclusion of the referee was substantially based on the facts that the condition of the truck had not changed between the time that Arabie bought the company and the day Frank quit, as well as Arabie’s purchase of a new vehicle to correct the problem. In these circumstances, we find no error of law in the finding of the referee that Frank did not have good cause to leave his job.
The final issue concerns the timeliness of Arabie’s appeal of a prior non-disqualification determination. The applicable statute is La.R.S. 23:1629, which states that any interested party has 15 days “after the date notification was given or was mailed to his last known address,” to appeal from an original eligibility determination. The record shows that when Arabie bought the company he moved it from Jefferson Parish to St. Bernard Parish. When Frank applied for unemployment benefits it was originally determined that he was eligible. Notice of that determination was mailed on December 12, 1985, to the old Jefferson address of the company. The record further shows that on that same day, the Baton Rouge Office of Employment Security was in possession of a document in regard to Frank’s claim, and showing the proper Chalmette address for Arabie’s company. No notice was ever sent to that address. Additionally, upon receipt of the December 12, 1985, notice at the Jefferson address, Frank Fazio, the prior owner of the company, did file an appeal on December 23, 1985. Also in the record is a letter from Lucille Ruffino, president of Arabie’s company wherein she represented to the Office of Employment Security that the mail was being sent to the wrong address. She further stated that it was the company’s position that Frank was not entitled to compensation. This letter was received by the Office of Employment Security on January 2, 1986. Finally, the caption of the administrative *849 hearing record shows an appeal date of December 23, 1985.
Frank argues here that the December 23, appeal date is an obvious reference to Fa-zio’s purported appeal, and that purported appeal was invalid since that Fazio was not his employer when he left the job. Whatever the merits of that argument, we need not address it here. The pertinent facts are instead that Arabie’s company was never sent a notice of the original eligibility determination at its known address as of December 12, 1985. The 15 day period thus did not commence running against Arabie, and his company’s letter objecting to payment of benefits which was received by the Office of Employment Security on January 2, 1986, was timely. See Anderson v. Blache, 490 So.2d 1149 (La.App. 3rd Cir.1986).
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.