SCHOTT, Judge.
This appeal is from a judgment of the trial court affirming disqualification of appellant for unemployment compensation benefits. Appellant contends he was denied due process on the administrative level because the notice of disqualification and notice of hearing before the appeals referee cited a different violation than the one with which the hearing was concerned and for which he was disqualified.
Appellant was employed as an equipment operator by the City of New Orleans. On August 12,1985 his employment was terminated. The letter of termination listed twenty-one acts of misconduct, the last of which was failing to have a valid driver’s license between July 29 and August 5, 1985. The letter also accused appellant of falsifying his employment application by failing to disclose an extensive police record with a conviction.
On November 7, 1985 appellant applied for unemployment compensation alleging he was discharged for being on criminal probation. On November 13 the City responded to the claim stating he was dismissed for violating city rules, vehicle abuse, and failing to disclose that he did not have a valid driver’s license. On November 21, the Office of Employment Security formally notified appellant that he was disqualified for unemployment compensation benefits for the following reason:
“You were discharged from your employment because of falsification of your application for employment. Your discharge was for misconduct connected with the employment.”
On December 2, appellant appealed from the agency determination and on December 12, the agency formally notified him of the hearing to be held before an appeals referee on December 27. This notice contained the following:
“IN DETERMINING THE ELIGIBILITY FOR UNEMPLOYMENT INSURANCE BENEFITS, THE ISSUE(S) BEFORE THE REFEREE ARE THE CORRECTNESS OF THE FOLLOWING:
The Claimant was discharged, from employment because of falsification of work application which is misconduct connected with the Employment. [R.S. 23:1601(2)]”
The transcript of the hearing before the appeals referee reveals that the only issue discussed was appellant’s lack of driver’s license, and the decision of the referee concludes with:
“The facts and testimony show that the claimant’s discharge came about because he worked without a valid driver’s license.”
On January 9, 1986 appellant appealed from the referee’s decision to the Louisiana Board of Review and raised the issue of notice in his appeal. On February 7, the Board affirmed and on February 21 appellant appealed to the district court based upon lack of proper notice. On November 25,1986 the trial court affirmed and appellant appealed to this court.
Appellant was ultimately denied unemployment compensation for failing to maintain a valid driver’s license. He was entitled to be told of the reason for his disqualification prior to the hearing before the referee. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981). To be notified by the agency that he was disqualified for falsifying his employment application and to be further notified that *1202 this was to be the issue at the hearing before the referee and then for the hearing to be concerned with another issue for which he was ultimately disqualified was offensive to fundamental concepts of due process. Appellant is entitled to a new hearing at which he can prepare to confront the issue under consideration.
Accordingly, the judgment of the trial court and the decision of the Board of Review are reversed and set aside and the case is remanded to the Office of Employment Security of the Department of Labor for further proceedings consistent with this opinion.
REVERSED AND REMANDED