583 So.2d 100 (1991)
Richard SCHLESINGER, Plaintiff-Appellant,
v.
ADMINISTRATOR OF the OFFICE EMPLOYMENT SECURITY DEPARTMENT OF LABOR & Boeing, La., Inc., Defendants-Appellees.
No. 90-58.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*101 James E. Burks, Lake Charles, for plaintiff-appellant.
Carmouche Law Firm, H. Paul Honsinger, Lake Charles, for defendant-appellee Boeing.
V.B. Guillory, Baton Rouge, for defendant-appelleeState.
Before STOKER, LABORDE, and KNOLL JJ.
KNOLL, Judge.
A former employee of Boeing Louisiana, Inc., Richard Schlesinger, appeals the trial court's affirmance of a decision of the Board of Review for the Office of Employment Security, denying him unemployment benefits.
Schlesinger contends on appeal that: (1) he received inadequate notice of the issues prior to his administrative hearing; and, (2) the adverse administrative ruling was not supported by sufficient legal and competent evidence.
The findings of fact by the Board of Review are as follows:
"The claimant worked for the named employer about two years from January 14, 1987 to December 1, 1988, as Aircraft Inspector. Between June 6, 1988 and August 19, 1988, the claimant received four counsellings [sic] regarding conduct on the job, including a two days [sic] suspension on August 1, 1988, after a confrontation with a fellow employee. Final warning involved allegations of intentionally halting production on a number of occasions and overstepping authority by attempting to instruct shop personnel in their duties. The employer indicated that the claimant had been counselled about this same matter on a number of occasions. The claimant filed a grievance about this matter, however, the grievance was dismissed.
On November 29, 1988, there was a report of a problem on a particular job. The claimant was called to inspect a Mechanic's work. Although the Mechanic followed the work order sheet correctly, the claimant did not feel that the work had been done properly. Rather than make his report and go on from that point, the claimant proceeded to tell the Mechanic what else he needed to do. This led to a confrontation with the Mechanic Supervisor in that section. This "discussion" continued for a period of time, in which the claimant continued to refuse to approve the job. The matter was then taken to the claimant's Supervisor, who then approved the job. The claimant was still upset. The claimant indicated he was still upset and continued to freely express his thoughts to others about the Supervisor and how he felt he was being treated on the job. The PDM Supervisor and General Supervisor of Hangar A then filed written protest regarding the claimant's conduct. He discussed the matter with his Supervisor December 1, 1988, and at that time he was suspended pending investigation. As a result of the investigation and a review of the claimant's record, he was advised on December 6, 1988, that he was terminated."
Under the provisions of LSA-R.S. 23:1634(B) our judicial review must be confined to questions of law. The findings of fact of the Board of Review are conclusive if supported by sufficient evidence and in the absence of fraud. Washington v. Whitfield, 521 So.2d 542 (La.App. 4th Cir. *102 1988). Our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence, or substituting the views of this court for those of the Board of Review as to the correctness of the facts. Id. However, there must be legal and competent evidence to support the factual findings on which the administrative decision turns. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981).
Schlesinger first contends that he was not given adequate notice prior to the hearing of the specific misconduct he was charged with.
Principles of fundamental due process require that a claimant for unemployment compensation benefits be given a notice of the specific misconduct with which he is charged and for which he was disqualified, and the failure of providing such a notice warrants the reversal of the determination of disqualification. Id.
The notice for Schlesinger's hearing stated:
"IN DETERMINING ELIGIBILITY FOR UNEMPLOYMENT INSURANCE BENEFITS, THE ISSUE(S) BEFORE THE ADMINISTRATIVE LAW JUDGE IS (ARE) THE CORRECTNESS OF THE FOLLOWING:
The claimant was discharged for failure to abide by company policies by overstepping authority and an altercation with co-workers on the job site. Discharge was for misconduct connected with the work."
In brief, Schlesinger admits that he was discharged from Boeing for the reasons stated in the hearing notice. At no point does Schlesinger delineate issues addressed in the hearing which were not encompassed by the notice. Accordingly, we find that this issue is not properly before us for appellate review.[1]
Schlesinger next contends that no direct evidence was offered at the hearing to prove misconduct, only hearsay. In particular, he urges that since the supervisor(s) who accused him of violating company policy did not testify, the contents of the business documents alleging the details of the misconduct should not have been considered. Commencing with Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir.1962), it has been consistently held that although hearsay is admissible in an administrative hearing, it cannot be considered competent evidence and cannot be used in determining whether findings of the Board of Review are supported by "sufficient evidence" as required by statute.
Pursuant to that tenet, an exception to the hearsay rule was traditionally recognized when business records were submitted provided it was first shown that the person who prepared the document was unavailable for testimony. Once that threshold issue was met, the business documents were admissible if the introducing party could show: (1) the original record is introduced; (2) the person testifying at trial is familiar with the procedure for preparing the document; and, (3) where the evidence seems reliable. See Thigpen v. Administrator, Office of Emp. Sec., 488 So.2d 1213 (La.App. 4th Cir.1986).
In the case sub judice, Boeing urges us to abandon this line of jurisprudence, arguing that with the enactment of the new code of evidence it need not be established that, as a threshold issue, the preparer of the business document is unavailable. We need not reach this argument.
In Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122 (La.App. 2nd Cir.1990), our brethren of the Second Circuit commented:
"The party who seeks to introduce written evidence must in some way, nonetheless, authenticate it by a qualified witness. Under Art. 803(6), it is essential that a custodian or other qualified witness testimonially explain the recordkeeping procedures of the business and thus lay the foundation for the admissibility of the records. See, e.g., Rosenberg *103 v. Collins, 624 F.2d 659, 665 (5th Cir.1980). That witness must, however, be familiar with and able to testify from personal knowledge about the bookkeeping and accounting procedures of the entity whose business records are sought to be introduced.
If the foundation witness cannot vouch that the requirements of the Code of Evidence have been met, the evidence or proffered entry must be excluded."
Applying these principles, it is clear that Schlesinger's personnel records constituted incompetent evidence.
Mr. Irvine D. Kilpatrick, the personnel support supervisor, testified at the hearing on Boeing's behalf. Although he detailed the contents of numerous documents which chronicled Boeing's complaints of Schlesinger's alleged misconduct, testimony was not elicited from him about Boeing's procedures with regard to the documentation of employee misconduct, whether the documents were prepared contemporaneous to the alleged acts of alleged misconduct, and which supervisory personnel was authorized to compile such documents. Likewise, there was no testimony about where the records were kept and who had access to them. In the absence of testimony of this nature, we find that the hearings officer should not have considered the documents which purportedly evidence the disciplinary actions against Schlesinger. Accordingly, we find that the evidence against Schlesinger constituted hearsay.
Administrative findings must be set aside if supported only by hearsay evidence since the claimant is not afforded a fair opportunity to rebut or cross-examine the offending documents. Thigpen, supra.
Accordingly, for the foregoing reasons, we reverse the denial of unemployment benefits, finding that Boeing did not produce sufficient competent evidence to prove disqualification. IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Richard Schlesinger and against Boeing Louisiana, Inc. and the Administrator of the Office of Employment Security, Department of Labor, qualifying him to receive unemployment compensation benefits. Costs of the trial court and appeal are assessed to Boeing Louisiana, Inc.
REVERSED AND RENDERED.
NOTES
[1] Moreover, it is clear from the Administrative Law Judge's opinion that she grounded her opinion on the claimant's failure to abide by company policies when he overstepped his authority, and had altercations with co-workers on the job site.