649 So.2d 623 (1994)
WEATHERLY LABORATORIES, Plaintiff-Appellant,
v.
ADMINISTRATOR, OFFICE OF EMPLOYMENT SECURITY, et al., Defendant-Appellee.
No. 94-00317.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
*624 Gregory Guidry, Joel Babineaux, Lafayette, for Weatherly Laboratories.
Frank Theo Scott Jr., Baton Rouge, for Adm'r Office of Employment Sec., et al.
Norman Desormeaux, pro se.
Before GUIDRY, C.J., and DECUIR and PETERS, JJ.
PETERS, Judge.
This is a civil case involving the judicial review of an unemployment compensation benefit determination by the Louisiana Office of Employment Security. On June 1, 1990, Norman Desormeaux was employed by Weatherly Laboratories. On May 26, 1992, he was discharged from that employment and shortly thereafter filed a claim for unemployment compensation with the Office of Employment Security. Weatherly Laboratories opposed the claim contending Desormeaux was discharged for cause. Specifically, the employer accused him of violating a company rule regarding confidentiality of payroll data.
The Office of Employment Security contacted Bryan Sonnier, the President of Weatherly Laboratories, and obtained an oral statement. Additionally, Sonnier was required to submit written statements from the employees who witnessed the misconduct. Based on this information and the response received from the claimant, the agency determined that Desormeaux was not qualified to draw benefits. This determination was communicated to the parties on June 17, 1992. Desormeaux appealed this determination and was granted a hearing before an administrative law judge on July 6, 1992. Bryan Sonnier appeared as the employer representative and brought the written statements of the witnesses concerning the employee misconduct. (These were the same statements used by the agency in its prior determination). Desormeaux also appeared at the hearing. These statements were presented to the administrative law judge and introduced into the record without objection. Sonnier was not an eyewitness to the claimed misconduct and could only testify as to what others had told him. Thus, all evidence against the employee was contained in the written statements filed in the record. Desormeaux denied all allegations made against him.
On July 20, 1992, the administrative law judge rendered an opinion reversing the determination of the agency and awarding unemployment compensation benefits to Desormeaux. In the opinion, the administrative law judge discounted the testimony of Sonnier and the information in the statements as being hearsay. Thus the denial by Desormeaux of any wrongdoing was the sole evidence that constituted the entire record.
Weatherly Laboratories then appealed this decision to the Louisiana Board of Review which affirmed the decision of the administrative law judge on September 30, 1992. Thereafter, Weatherly Laboratories filed a petition in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, for judicial review of the decision of the administrative law judge and the Louisiana Board of Review. On September 13, 1993, the trial court rendered judgment denying Weatherly Laboratories relief. It is from these rulings that Weatherly Laboratories has appealed.
On appeal, Weatherly Laboratories contends it was denied due process of law because of a misleading and/or inadequate notice supplied to it in conjunction with the hearing before the administrative law judge. The notice complained of is a two page document which was mailed to the employer and the claimant on June 26, 1992. The first page simply gives notice of the date, time and place of the Administrative Law Judge Eligibility Determination Hearing. An underlined notation in capital letters appears on the bottom of the first page which reads as follows:

*625 READ ADDITIONAL INSTRUCTIONS CAREFULLY.
The additional instructions are contained on the second page and began with the same notation found on the bottom of the first page. (Also in capital letters and underlined). The categories addressed in the instructions included hearing procedures, use of representatives and witnesses, subpoenas, exhibits, and postponements, among other things. Weatherly Laboratories claims the instruction relative to legal representation and witnesses is inadequate and misleading. This instruction reads as follows:
REPRESENTATIVES: You may be represented by an attorney or have witnesses at the hearing. It is not required. It is your responsibility to have your representative and/or witness(es) with you at an in-person hearing or at the number at which you will be called. FEES FOR REPRESENTATION MUST BE APPROVED BY THE ADMINISTRATOR OF THE LA. DEPT. OF EMPLOYMENT & TRAINING.
When Bryan Sonnier received this notice on behalf of Weatherly Laboratories, he concluded live testimony was not necessary and the written statements used in the original agency determination would be sufficient. He based this conclusion on the language in the "REPRESENTATIVE" section of the notice, and particularly the sentence "It is not required." This conclusion was fatal to the employer's case before the administrative law judge who, in a written opinion, made the following finding:
The testimony from the representative of the employer-appellant at the hearing as to the events which led to the claimant's discharge was based on hearsay. None of the three individuals who made allegations against the claimant were present to testify to what they saw or heard. The claimant denied all of the allegations that were made against him. In the case of misconduct, the burden of proof rests with the employer. In this case, available evidence was insufficient to show that the discharge was for misconduct connected with the employment. The claimant is entitled to benefits.
Weatherly Laboratories contends the only reason it did not produce live witnesses was because it was misled by the Office of Employment Security's inadequate notice, and therefore, has been denied due process in this litigation. We begin the analysis by recognizing that the Fourteenth Amendment to the United States Constitution and Louisiana Constitution Article I, Section 2, provide that no person shall be deprived of property without due process of law. Additionally, a party involved in a case before an administrative law judge in an unemployment compensation dispute is entitled to due process. Calhoun v. Administrator of the Department of Employment Security, 390 So.2d 912 (La.App.2d Cir.1980). Due process necessarily includes the right of a party to receive adequate notice informing him of the issues to be addressed at the administrative hearing and the nature of the proceedings. Banks v. Administrator of the Department of Employment Security, 393 So.2d 696 (La.1981). See also Schlesinger v. Administrator of the Office of Employment Security, 583 So.2d 100 (La.App. 3d Cir. 1991). Additionally, any notice received by a party must be free from inaccuracies and must not be misleading in order to effectively provide the party with due process. Murray v. City of New Orleans, 517 So.2d 1200 (La. App. 4th Cir.1987).
We conclude the notice is inadequate to satisfy the constitutional due process notice requirements. Not only is the phrase "It is not required" misleading, but it is untrue as it applies to witnesses. The burden of proof rests with the employer to prove misconduct, and at the administrative law judge level, that burden is not overcome by hearsay evidence or ex parte statements. January v. Administrator, Division of Employment Security, 155 So.2d 250 (La.App. 3rd Cir.1963). See also Schlesinger, supra. When the employer is given a notice that neither legal representation nor witnesses are required, such notice does nothing to warn of the consequences of failure to present legally admissible evidence. This is particularly true given the agency level procedure the parties have just completed with its lax rules concerning admissibility.
*626 In brief the Office of Employment Security does not address the due process issue, but simply argues that the evidence presented by Weatherly Laboratories, because it was hearsay, was insufficient. We do not find this argument persuasive. Simply stated, no procedurally due process hearing has yet been held for the administrative law judge to make a determination in this case. We, therefore, reverse the decision rendered herein and remand the matter to the Office of Employment Security Administrative Law Judge for a new trial giving proper notice to the parties at issue.
REVERSED AND REMANDED.