664 So.2d 844 (1995)
Daniel R. BARBER, Plaintiff-Appellant,
v.
ADMINISTRATOR, OFFICE OF EMPLOYMENT SECURITY, etc., et al., Defendants-Appellees.
No. 95-770.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
*846 Frank Edward Barber, Lafayette, Todd Dayton Wittke, Las Vegas, NV, for Daniel R. Barber.
J. Jerome Burden, Baton Rouge, for Administrator, Office of Employment Sec.
Before SAUNDERS, WOODARD and DECUIR, JJ.
WOODARD, Judge.
The appellant, Daniel R. Barber, appeals the trial court's affirmation of a decision of the Board of Review for the Office of Employment Security, denying him unemployment compensation benefits.

FACTS
Barber worked as a utility hand for the appellee, SHRM Catering Services, Inc., for approximately two years. SHRM provides catering services and personnel to various companies within the oil and gas industry. The service includes providing catering personnel to work on offshore platforms and other such facilities.
On November 9, 1993, SHRM terminated Barber for misconduct associated with his employment. Following his termination, Barber applied for unemployment compensation benefits. The Office of Employment Security denied him benefits after concluding that he had left his employment without good cause. Barber appealed. At the hearing, the Administrative Law Judge found that Barber had actually been discharged and determined that the appropriate issue was whether Barber had been properly discharged for misconduct.
After asking both parties to waive prior notice regarding the issue of discharge, Administrative Law Judge P.J. Bernard found that Barber had been discharged due to misconduct and denied him benefits. The decision of the administrative law judge was affirmed by the Louisiana Board of Review. The decisions of the administrative law judge and the Board of Review were then affirmed by the 15th Judicial District Court, Parish of Lafayette.
Barber contends on appeal that: (1) the administrative ruling was not supported by legally sufficient and competent evidence; and, (2) the claimant did not sufficiently waive prior notice of issues examined at the hearing.

DISCUSSION
Barber first contends that the ruling of the administrative law judge is not supported by legally competent evidence in that only hearsay was offered to prove misconduct by Barber. Under the provisions of La.R.S. 23:1634(B), our judicial review must be confined to questions of law. The findings of fact of the Board of Review are conclusive if supported by sufficient evidence and in the absence of fraud. Cox v. Lockwood, 373 So.2d 246 (La.App. 4 Cir.1979). While our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of this court for those of the Board of Review as to the correctness of the facts, there must be legal and competent evidence to support the factual findings on which the administrative determination turns. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981). The burden of proof rests with the employer to prove misconduct, and, at the administrative law judge level, that burden is not overcome by hearsay evidence or ex parte statements. Weatherly Labs v. Adm'r, Office Emp. Sec., 94-317 (La.App. 3 Cir. 11/2/94), 649 So.2d 623. Hearsay is a statement, other than one made by the declarant while testifying at the present hearing, offered in evidence to prove the truth of the matter asserted. La.Code Evid. art. 801. As this court has previously noted, "Commencing with Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir.1962), it has been consistently held that although hearsay is admissible in an administrative hearing, it cannot be considered competent evidence and cannot be used in determining whether findings of the Board of Review are supported by "sufficient evidence" as required *847 by statute." Schlesinger v. Administrator of Office Employment Sec. Dept. of Labor, 583 So.2d 100 (La.App. 3 Cir.1991). (Emphasis added).
Adam Boudreaux, the only witness for SHRM, testified that clients of SHRM were displeased with Barber's performance. Boudreaux's testimony primarily consisted of statements made by SHRM's customers about Barber's work performance. SHRM contends that the statements were offered to show that its customers were displeased with Barber. The statements, offered to show misconduct by Barber, constitute hearsay and are insufficient evidence upon which to find Barber guilty of misconduct.
Evidence also was presented that Barber twice was sent back by customers of SHRM before his assignments were over and with requests that he not return. Barber admitted that twice he was ordered off the platforms early.
As part of its burden of proof in establishing misconduct, the employer must do more than show that the employee was unsatisfactory; the employer must show that the employee had an intent to do wrong. Banks, 393 So.2d 696. The non-hearsay evidence presented by SHRM fails to meet the preponderance of the evidence standard required to show misconduct.

WAIVER OF NOTICE
Barber next contends that the court erred in finding that he had made a reasoned decision in waiving prior notice of specific acts of misconduct. During the administrative hearing, Barber acknowledged for the first time that he had been discharged. After receiving this information, the administrative law judge informed Barber and his employer that the hearing on the discharge issue would be postponed until a later date unless both parties agreed to waive prior notice. The conversation between the administrative law judge and the parties was as follows:
JUDGE: You want to waive prior notice on this address separation of the discharge?
PATIN: Yes, sir.
JUDGE: Okay. What about you, Mr. Barber? In other words, the notice I sent out has nothing about being discharged on it. According to due process, whatever I say we're going to discuss in the hearing is, you know, what we're going to discuss. I can't just pull something out of the air to discuss. I can't address this issue without rescheduling a hearing in two or three weeks, unless you waive prior notice of the issue of discharge and then I can address it now.
BARBER: Okay.
JUDGE: They already waived prior notice, they're ready to discuss the issue of discharge. Would you waive prior notice and allow that, also?
BARBER: Okay. About that quitting, I did not notify the company, anybody representing SHRM about quitting. But, so, I don't know if I have any anything going my way on my quitting thing. But, like the lady that interviewed me
JUDGE: I'm not going to discuss it any further, I'll reset it a later date, two or three weeks and we'll discuss discharge if you want, or we can discuss it now. Its up to you whether you want to waive prior notice on that? On a case of discharge the burden shifts to the employer, we'll start with their side.
BARBER: Okay.
JUDGE: You going to waive prior notice?
BARBER: I did not notify anybody about quitting. I don't think I have any backing on that. If it's just on my own, you know, I was tired of all this that was going on, so I made up my mind, I quit and she misinterpreted that, the lady interviewed *848 me and so, waive prior notice, whatever.
JUDGE: Okay. Claimant and the employer waive prior notice on the issue of discharge. So, we'll proceed on the discharge issue.
A claimant is entitled to be told the ground for disqualification prior to the hearing. Banks, 393 So.2d 696. Due process requires that a claimant for unemployment compensation benefits be given notice of the specific misconduct with which he is charged and for which he was disqualified. The failure of providing such a notice warrants the reversal of the determination of the disqualification. Schlesinger v. Adm'r of Office Emp. Sec., 583 So.2d 100 (La.App. 3 Cir.1991). It is clear from a reading of the hearing transcript that Barber did not receive adequate notice of the grounds for the misconduct which led to the termination of his employment. However, since the evidence does not show any disqualifying misconduct, a new hearing is unnecessary.

CONCLUSION
For the reasons assigned, the judgment of the district court is reversed, and the matter is remanded to the Board of Review for it to enter an order in compliance with this opinion. The costs of the trial court and appeal are assessed to SHRM Catering Services, Inc.
REVERSED AND REMANDED.
SAUNDERS, J., concurs and assigns reasons.
SAUNDERS, Judge, concurring.
In my view, the claimant did properly receive notice. However, this position is academic in view of the award of unemployment compensation benefits. I agree that no competent evidence was presented to disqualify the claimant and that he is entitled to unemployment compensation benefits.