STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-327

VIRGIE DEJEAN

VERSUS

ADMINISTRATOR, OFFICE OF
EMPLOYMENT SECURITY, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-C-3579-B
HONORABLE A. FRANK McGEE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billie Colombaro
Woodard and Oswald A. Decuir, Judges.

REVERSED.

Gregory L. Landry
Jeffrey Reay Huggins
Acadiana Legal Service Corporation
P. O. Box 4823
Lafayette, LA 70502-4823
(337) 237-4320
Counsel for Plaintiff/Appellant:
    Virgie Dejean

**J. Jerome Burden**
**Department of Labor**
**P. O. Box 94094**
**Baton Rouge,, LA 70804-9094**
**(225) 342-3044**
**Counsel for Defendant/Appellee:**
**Louisiana Department of Labor,**
**Office of Employment Security**

**James P. Doherty, Jr.**
**Andrus & Doherty**
**117 North Market Street**
**Opelousas, LA 70570**
**(337) 942-5645**
**Counsel for Defendant/Appellee:**
**Opelousas General Hospital**

**DECUIR, Judge.**

The appellant, Virgie Dejean, appeals the trial court's affirmation of a decision of the Board of Review for the Office of Employment Security, denying her unemployment compensation benefits.

## FACTS

Dejean worked as a unit clerk in the Emergency Room at Opelousas General Hospital. She worked for the hospital for nineteen years.

On May 4, 2003, she greeted a patient with jaw pain and difficulty speaking. She suspected an adverse drug reaction and asked the patient if she had taken anything. The patient denied having taken anything. Still believing the patient was having a drug reaction, she asked again about drug usage. The patient again denied taking anything. Nevertheless, Dejean reported an adverse drug reaction to the duty nurse. The patient's daughter was angered by the suggestion that her mother was using drugs and filed a complaint. Opelousas General subsequently terminated Dejean's employment.

Following her termination, Dejean applied for unemployment compensation benefits. The Office of Employment Security denied her benefits after concluding that she had been terminated for misconduct. At the hearing, only Dejean appeared. Opelousas General mailed copies of Dejean's personnel record that purported to show prior instances of similar misconduct. The administrative law judge found that Dejean had been properly terminated for misconduct and denied benefits. The decision of the administrative law judge was affirmed by the Louisiana Board of Review. The decisions of the administrative law judge and the Board of Review were then affirmed by the Twenty-seventh Judicial District Court, Parish of St. Landry.

Dejean contends on appeal that: (1) the administrative ruling was not supported by legally sufficient and competent evidence; and, in the alternative that

(2) her conduct did not rise to the level of disqualifying misconduct. We note that the Louisiana Department of Labor, an appellee, filed a brief in support of Dejean's contention in both this court and the court below. Opelousas General asks that the lower court judgment be affirmed.

## DISCUSSION

Dejean first contends that the ruling of the administrative law judge is not supported by legally competent evidence in that only hearsay was offered to prove misconduct by Dejean. We agree.

In *Barber v. Administrator, Office of Employment Sec.*, 95-770, pp. 2-3 (La.App. 3 Cir. 12/6/95), 664 So.2d 844, 846-47, we discussed this same issue as follows:

> Under the provisions of La.R.S. 23:1634(B), our judicial review must be confined to questions of law. The findings of fact of the Board of Review are conclusive if supported by sufficient evidence and in the absence of fraud. *Cox v. Lockwood*, 373 So.2d 246 (La.App. 4 Cir. 1979). While our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of this court for those of the Board of Review as to the correctness of the facts, there must be legal and competent evidence to support the factual findings on which the administrative determination turns. *Banks v. Administrator of Dept. of Employment,* 393 So.2d 696 (La.1981). The burden of proof rests with the employer to prove misconduct and, at the administrative law judge level, that burden is not overcome by hearsay evidence or ex parte statements. *Weatherly Labs v. Adm'r, Office Emp. Sec.*, 94-317 (La.App. 3 Cir. 11/2/94), 649 So.2d 623.
>
> . . . .
>
> As this court has previously noted, "Commencing with *Lee v. Brown*, 148 So.2d 321 (La.App. 3rd Cir.1962), it has been consistently held that although hearsay is admissible in an administrative hearing, it cannot be considered competent evidence and cannot be used in determining whether findings of the Board of Review are supported by "sufficient evidence" as required by statute. *Schlesinger v. Administrator of Office Employment Sec. Dept. of Labor,* 583 So.2d 100 (La.App. 3 Cir.1991).

Opelousas General did not appear at the hearing and only submitted copies of Dejean's personnel records as evidence. These records are considered hearsay

because no custodian of the records or other qualified witness of the employer testified. *See* La.Code Evid. art. 803(6). Accordingly, we find that no competent legal evidence supporting a finding of misconduct was introduced at the hearing. Therefore, Opelousas General failed to carry its burden of proof. The district court erred in affirming the findings of the administrative law judge and the Louisiana Review Board. This conclusion being dispositive, we need not address Dejean's remaining assignment.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed. All costs of these proceedings are taxed to Opelousas General Hospital.

**REVERSED.**

3