413 So.2d 252 (1982)
Gertie BLACK
v.
Herbert L. SUMRALL, State of Louisiana Administrator of the Office of Employment Security, and Barq's Beverages.
No. 12845.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Ann S. Jones, David Ware, New Orleans, for plaintiff-appellant.
Willie D. Maynor, Baton Rouge, for Herbert L. Sumrall, Administrator, Office of Employment Sec.
Michael S. Mitchell, Kullman, Lang, Inman & Bee, New Orleans, for Barq's Beverages.
Before GULOTTA, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Plaintiff brought this action for judicial review of a decision of the Board of Review of the La. Department of Employment Security holding that she was ineligible for unemployment compensation following her dismissal on June 13, 1980. The trial court upheld the decision of the Board.
The standard of appellate review in cases such as this is set forth in L.S.A. R.S. 23:1634 which provides in pertinent part that "... the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court (on appeal) shall be confined to questions of law ..."
In explaining this standard our Supreme Court has held, "... there must be legal and competent evidence to support the factual findings on which the administrative determination turns." Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981) at 699. Thus judicial review of the findings of the Board of Review in unemployment compensation cases is limited to first, a determination of whether the facts, are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken.
In the instant case, plaintiff was employed at Barq's Beverages from March, 1979 through June 13, 1980, the date her employment was terminated for alleged misconduct as a production worker. The final incident which lead to plaintiff's termination *253 occured when, after reporting to work on time and clocking in at approximately 7:30 a. m., she failed to go to her assigned duty station on the production line. Instead she went into the women's restroom ostensibly to change clothes. Her supervisor located her, knocked on the door, and told her to come out. By plaintiff's own admission she continued talking with a co-worker in the bathroom. Upon exiting the bathroom she was told by the production manager that she was "holding up production" and that if she did not want to work she should punch out her card. Plaintiff responded by telling her production manager to punch the card himself. This lead to an argument in which there is testimony in the record that plaintiff was "terribly nasty ... loud ... and boisterous". The record reflects that plaintiff had been warned a number of times about having personal conversations in the restroom while neglecting her work and that every time this matter was discussed with her she always gave the supervisor a lot of back talk. She was discharged subsequent to this incident.
Although plaintiff's testimony at the hearing before the Appeals Referee was contradictory to the above version of the facts in some respects, the referee made his decision based on his first hand observation of the witnesses, their demeanor and credibility. In the absence of manifest error we cannot substitute our conclusion as to the credibility of the witnesses for that of the Appeal Referee or Board of Review.
We find ample evidence in the record to support the factual conclusions of the Board of Review and therefore turn to the issue of whether plaintiff's behavior and actions constitute misconduct within the meaning of R.S. 23:1601(2) so as to disqualify her from receiving unemployment compensation benefits.
Misconduct has been defined in our jurisprudence as meaning, "... an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Atkins v. Doyal, 274 So.2d 438 (La.App. 1st Cir. 1973) at 440.
The plaintiff's conduct displayed a definite disregard of the standards of behavior which her employer had a right to expect. The employer's interest was necessarily to get the production line going. Plaintiff jeopardized her employment by intentionally holding up the production line. This action on her part was a willful disregard of her employer's interest. The record reflects that this was not an isolated incident, but that similar incidents had previously occurred. Instead of heeding her employer's repeated warnings not to engage in idle conversation in the restroom after clocking in, plaintiff chose to continue her detrimental actions which resulted in her termination.
We find therefore that plaintiff's conduct in the instant case clearly falls within the definition of misconduct contemplated in R.S. 23:1601(2) and she is disqualified from receiving unemployment compensation benefits. For the above and foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.