LAWRENCE A. CHEHARDY, Judge Pro Tem.
Plaintiff, Ernest Carter, Jr., after exhausting his administrative remedies, instituted this suit for a judicial review of the determination of the Louisiana Board of Review, that he was not entitled to unemployment benefits.
Named defendants were his employer, Saia Motor Freight, Inc., and the Administrator of the Office of Employment Security of the Department of Labor, State of Louisiana.
The district court, based upon a review of the record, rendered a judgment reversing the Board’s decision.[1] Defendants have appealed.
Plaintiff had been employed as a delivery and pick-up truck driver by Saia since 1972. The drivers report to work at 7 a.m. Before taking the trucks out on the road they are charged with making a daily inspection of the trucks and maintain a daily report. They are to check the oil, water, tires, lights, drain the air tanks and report any problems to the maintenance department.
These trailer trucks are equipped with warning lights, buzzers and gauges on the dashboard to indicate the temperature. The drivers are aware of their duty to stop driving when the light indicates the system is overheating and to notify maintenance of the problem at once.
Bert Baker, the shop mechanic, is charged with the duty of inspecting each truck every two months to provide routine maintenance, change the oil, check the water and add coolant where necessary, check the tires and brakes, and make repairs when necessary. If a problem occurs between these routine maintenance checks the drivers are instructed to report the problem to maintenance.
On February 2, 1984, plaintiff reported to work at 7 a.m. About 10 a.m. the red light flashed on the dashboard. It also came on briefly at noon, but according to plaintiff it did not stay on, and the buzzer did not sound on either occasion. Plaintiff did not check the gauges to determine the temperature, but continued to drive until about 3 p.m., when he returned to the yard. Just a few blocks before he arrived the light came on and stayed on and the engine started knocking. Since he was close to the yard he continued to drive. He reported the problem to maintenance at that time, and he and Mr. Baker went back to inspect the truck.
The engine was still knocking, the heating gauge had blown out, and the engine was smoking. The bottom of the engine which is normally painted blue was white hot. There was no coolant in the reservoir or water in the radiator, and the engine was so hot it could not be inspected or worked on until the following day. The next day it was determined that the diesel engine was ruined and the replacement cost was $9,000.
Carter was then discharged by Mr. Hanks, the terminal manager, for negligent operation of the vehicle resulting in substantial loss to the company. Plaintiff then applied for unemployment benefits. His claim was initially denied by the agency. He appealed that determination to the appeals referee, who conducted a hearing in the matter. Thereafter the referee made the following finding of fact:
“The claimant was employed from September 1972 through February 3, 1984, as a Pick-up and Delivery Truck Driver at $9.75 per hour. He usually worked from 7:00 a.m. to 5:00 p.m., Monday through Friday. On February 2, 1984, the claimant continued to operate the *786 company vehicle to which he was assigned, although its gauges and warning light indicated that it was overheating. The claimant should have immediately parked the truck and notified the employer of the mechanical problem. Since he neglected to notice the warning light and gauge, which indicated that the vehicle was running hot, the motor in the employer’s vehicle will have to be replaced at a cost of approximately $9,000.00 to the employer.”
In his opinion:
“The testimony and evidence presented in this case indicate that the claimant was discharged from the employment because he neglected to inform his employer that the vehicle to which he was assigned was experiencing mechanical problems and he continued to operate the vehicle under those conditions. His conduct’ showed a willful and deliberate disregard for the employer’s interest and resulted in a loss of company property. Discharge was for aggravated misconduct. He should be disqualified for benefits. * * *”
We note that at the hearing it was also established that plaintiff had been warned of failure to properly maintain his vehicle on three prior occasions and that he had received a letter from the safety department about a prior accident. The Board of Review affirmed the referee’s decision.
The scope of judicial review in unemployment compensation cases is outlined in LSA-R.S. 28:1634. In matters of this kind it is Confined to questions of law. The findings of the Board, if supported by sufficient evidence, and in the absence of fraud, are conclusive. Dubois v. La. Dept. of Labor, Off. of Emp. Sec., 427 So.2d 645 (La.App. 5th Cir.1983); Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir.1982).
The employer has the burden of proving that a discharge resulted from disqualifying misconduct. R.S. 23:1634. There must be legal and competent evidence to support the factual findings upon which the administrative determination turns. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981).
Misconduct has been defined as “an act of willful or wanton disregard of the employer’s interest; a deliberate violation of the employer’s rules; a disregard of standards of behavior which the employer has the right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.” Atkins v. Doyal, 274 So.2d 438, 440 (La.App. 1st Cir. 1973). See Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Black v. Sumrall, supra.
Plaintiff’s conduct in the instant case constituted a definite disregard of the standard of behavior which his employer had a right to expect. The employer’s interest was necessarily concerned with keeping its vehicles in proper repair and safe condition at all times. The employees were aware of their daily duties of inspection, their obligation to report to maintenance all problems before taking the trucks on the road, and they knew warning signals on the dashboard and the necessity to stop at once if there was any indication the vehicle was overheating. Actions on plaintiff’s part in failing to check the temperature gauges after the red lights indicated a possible problem, and continuing to drive the big truck after such warning was a willful disregard of his employer’s interest.
We find ample evidence to support the administrative tribunal’s finding of fact. Plaintiff’s conduct clearly falls within the definition of misconduct contemplated in LSA-R.S. 23:1601(2), and he is therefore disqualified from recéiving unemployment benefits.
Por the reasons assigned the judgment of the district court is reversed and set aside and the matter is remanded to the Board of Review for it to enter an order in compliance with this opinion. R.S. 23:1634.
REVERSED AND REMANDED.

. The court rendered a brief judgment finding "the evidence in the record does not clearly support the conclusion reached by the Board ...” Defendant filed a motion for findings of fact and reasons for judgment, but none were forthcoming.