488 So.2d 1213 (1986)
Thomas THIGPEN
v.
ADMINISTRATOR, OFFICE OF EMPLOYMENT SECURITY, State of Louisiana, Through the DEPARTMENT OF LABOR, OFFICE OF EMPLOYMENT SECURITY, and Holsum Bakeries, Inc.
No. CA-5044.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Patricia E. Regan, Supervising Atty., Chris Randall, Student Practitioner, Loyola Law Clinic, New Orleans, for appellant.
Michael C. Garrard, Kean, Miller, Hawthorne, D'Armond, McCowen & Jarman, Baton Rouge, for appellee (Holsum Bakeries, Inc.).
Herman Robinson, Baton Rouge, for appellee (Office of Employment Sec.).
Before BARRY, CIACCIO and LOBRANO, JJ.
BARRY, Judge.
*1214 A worker who was fired due to unexcused absences appeals his disqualification from unemployment benefits.
In September, 1982 Thomas Thigpen was employed by Holsum Bakeries, Inc. as a sanitation worker. On February 18, 1983 Thigpen was absent without notifying Holsum as required for an excused absence. He received notice that his next unexcused absence would result in a three day suspension without pay.
In March, 1983 Thigpen was injured on the job by a jet force of hot water mixed with chemicals. He visited the company doctor for treatment of his burns and was ordered to take a medical leave. He returned to work, but because of medical complications was absent April 29. His wife called the employer shortly after the start of Thigpen's 5 a.m. shift and advised that he was ill; however, the employer considered this an unexcused absence and suspended Thigpen without pay. Thigpen missed work on May 11 and 12 in order to comfort his hospitalized wife who gave birth to a stillborn child. His supervisor and the supervisor's assistant were aware of the stillbirth and excused Thigpen from calling in. Thigpen was absent on May 23 and 24 and upon his return the following day was told to leave his uniform and keys in exchange for his paycheck.
Thigpen applied for unemployment compensation benefits which were denied in August, 1983 based on his having left employment without good cause, La.R.S. 23:1601(1). His disqualification was affirmed by an appeals referee, review board and district court.
Thigpen claims the May 23, 24 absences were necessary because of bereavement over his dead child. He maintains it is error to conclude that he voluntarily left his job.
Holsum asserts Thigpen's unexcused absences were not related to his injuries and personal problems, therefore he voluntarily abandoned his employment without good cause. Holsum maintains that when Thigpen failed to report on two consecutive days it had no alternative but to presume he quit without notice.
Holsum's personnel manager, the employer's only witness, testified exclusively from documents in Thigpen's personnel file. George Bei, Thigpen's supervisor who signed the warning notice, letter of suspension and termination form, did not testify. Thigpen maintains he was denied the opportunity to cross-examine the source of his dismissal to show that his May absences were involuntary and justified.
Our review is limited to whether the facts are supported by the evidence and justify the action taken as a matter of law. La.R.S. 23:1634; Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La. App. 1st Cir.1983); Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir.1982).
Although hearsay is admissible in an administrative hearing, it cannot be considered competent evidence and cannot be used in determining whether findings of the Board of Review are supported by "sufficient evidence" as required by La. R.S. 23:1634. Wilkerson v. State Office of Employment Security, 439 So.2d 506 (La. App. 1st Cir.1983); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969).
Thigpen testified that Bei was aware of his wife's pregnancy complications and the birth of their stillborn child. Thigpen stated that Holsum's policy permits an employee to take two consecutive days off with pay for the death of an immediate family member and that he requested May 23 and 24. The personnel manager testified that the file did not have such a request.
Bei wrote all of the documents introduced by Holsum, but his failure to testify was not explained. Thus, Thigpen had no opportunity to elicit favorable testimony or ask questions to discredit Bei. Holsum's personnel manager had no first-hand knowledge to support Thigpen's dismissal.
Holsum argues that the personnel records should be considered as the business record exception to hearsay. A record prepared in the regular course of business *1215 is admissible even though the person who prepared it does not testify, where it is shown that such person is unavailable for testimony, where the first collected record (initial or original record) available to the court is introduced, where such record is identified at trial by a person familiar with the procedure of its preparation, and where the evidence seems reliable. Miles v. New Orleans Public Service, Inc., 393 So.2d 877 (La.App. 4th Cir.1981). No explanation was offered as to Bei's unavailability, thus, all of the supporting documents were hearsay.
Administrative findings must be set aside if supported only by hearsay evidence since the claimant is not afforded a fair opportunity to rebut or cross-examine the offending documents. Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir. 1962).
We therefore reverse the denial of unemployment benefits and remand for additional evidence to be taken before the Board of Review pursuant to La.R.S. 23:1634 and consistent with Melady v. Louisiana Board of Review, 375 So.2d 760 (La.App. 4th Cir.1979).
REVERSED; REMANDED.