521 So.2d 542 (1988)
Melvin WASHINGTON, Sr.
v.
George WHITFIELD, Administrator of Louisiana Office of Employment Security and Tulane Exxon.
No. CA 7470.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
*543 David H. Williams, New Orleans Legal Assistance Corp., New Orleans, for plaintiff-appellant.
James A. McGraw, Denise A. Nagel, Frank T. Scott, Jr., B.J. Francis, Sr., Olivette E. Mencer, Vivian Broussard Guillory, Office of Employment Security, Baton Rouge, for defendant-appellee.
Before KLEES, CIACCIO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This is a suit for judicial review of an administrative determination that plaintiff is not entitled to unemployment compensation. LSA-R.S. 23:1634.
Melvin Washington filed for unemployment benefits in April of 1985. The Louisiana Office of Employment Security ("Agency") denied benefits finding that Washington was monetarily ineligible because he had not been paid sufficient wages during the base period of his claim, January 1, 1984 through December 31, 1984.[1] Washington's employer, Tulane Exxon, had reported that all of plaintiff's wages had been disbursed during October, November, and December of 1984 in the amount of $1,800.00 per month. Washington's W-2 form shows total wages of $5,400.00 for 1984.
*544 On May 7, 1985 plaintiff filed a "Request for Monetary Reconsideration" in which he claimed that he had earned approximately $1,800.00 during each of the last three quarters of 1984. A field investigation was ordered by the Agency on June 7, 1985. The field representative was given the following directive: "See attached W-2. All wages have been reported in the 4th quarter. Please determine if this is correct." In a handwritten notation, dated July 31, 1985, the field representative noted that an accountant, presumably Tulane Exxon's accountant, stated that the claimant was paid $1,800.00 in October, November and December of 1984, and concludes that all funds had been earned in the fourth quarter. In addition, unsigned notes, dated August 14, 1985, were inscribed on a "Wage Protest Work Sheet" form which read "Wages on determination are correct. You were paid $1,800.00/month for October, November and December. Equals W-2." On August 19, 1985, the Agency again determined Plaintiff to be ineligible for benefits. Mr. Washington timely appealed.
A hearing was held on May 5, 1986, at which time Mr. Washington testified that he had been employed by Tulane Exxon as a gas pump attendant from April 1984 until February 1985 when he was laid off. Mr. Washington stated that he usually worked a six-day week and was paid weekly at the rate of $3.65 per hour. He also stated that he was paid out of the cash receipts and that payment for gasoline he purchased on credit was sometimes deducted from his pay.
As evidence to support his claim, Mr. Washington submitted his W-2 form showing a total of $5,400.00 earned in 1984, three undated cash register receipts for $224.00, $234.00 and $197.00, and three gasoline credit receipts. Mr. Washington was not represented by counsel, nor did he subpoena witnesses on his behalf or documentation from his employer. Tulane Exxon failed to make an appearance at any of the proceedings below. The Agency submitted several documents including the reconsideration determination, the field audit report, the claimant's W-2 form, and the wage protest sheet. There was no testimony verifying the information contained on any of the submitted documents. Neither was there testimony from Washington's employer nor from any member of the Agency. In fact, Melvin Washington was the only witness. The Appeals Referee ordered that the prior determination of the Agency be affirmed.
Plaintiff appealed to the Board of Review for the Office of Employment Security which likewise affirmed. Plaintiff then sought counsel from the New Orleans Legal Assistance Corporation and appealed the board's decision to the District Court. On January 22, 1987, the District Court also affirmed. It is from this judgment that plaintiff now appeals.
In his first assignment of error plaintiff contends that the district court erred in affirming the Review Board's decision since that decision had been based on hearsay evidence which was unreasonable on its face.
Under the provisions of LSA-R.S. 23:1634 (B)[2] our judicial review must be *545 confined to questions of law. The findings of fact of the Board of Review are conclusive if supported by sufficient evidence and in the absence of fraud. Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979); Washington v. Sumrall, 457 So.2d 50 (La. App. 4th Cir.1984). Our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of this court for those of the Board of review as to the correctness of the facts. Washington, supra, at 52. However, there must be legal and competent evidence to support the factual findings on which the administrative determination turns. Banks v. Administrator of Dept. of Employment Security, 393 So.2d 696 (La.1981). Moreover, if the determination made does not meet "a threshold test of reasonableness," it is erroneous as a matter of law. Banks, supra, at 699.
Plaintiff does not ask this court to re-evaluate the evidence, but rather asks us to consider whether the evidence was sufficient to justify the Agency's finding that Mr. Washington was ineligible for unemployment benefits. He does not challenge that he earned $5,400.00 during 1984 or that his employer "reported" his wages only during the last quarter of 1984. Rather, he challenges the Agency's reliance on unsupported hearsay documentation and its failure to effectively verify the claimant's sworn testimony that he had been employed by Tulane Exxon for nine months instead of three. He argues that the Appeals Referee's conclusion that Mr. Washington earned $5,400.00 within 13 weeks, or $1,800.00 per month while working as an unskilled labor for $3.65 per hour, is patently unreasonable. A person earning $3.65 per hour working a standard 2000 hour year can expect to earn approximately $7,300.00 per year rather than $21,600.00 if based upon $1,800.00 per month. He further argues that a person earning $3.65 per hour, as Mr. Washington claimed to have earned, could expect to earn approximately $5,475.00 in nine months, a figure that clearly corroborates Mr. Washington's testimony and the figure listed on his W-2 form. We agree with plaintiff's argument.
Although hearsay is admissible in an administrative hearing, it cannot be considered competent evidence and cannot be used in determining whether findings of the Board of Review are supported by "sufficient evidence" as required by LSA-R.S. 23:1634 (B). Administrative findings must be set aside if supported only by hearsay evidence since the claimant is not afforded a fair opportunity to rebut or cross-examine the offending documents. Thigpen v. Administrator, Office of Employment Security, 488 So.2d 1213 (La. App. 4th Cir.1986); Lee v. Brown, 148 So. 2d 321 (La.App. 3rd Cir.1962).
We therefore reverse the decision of the District Court and remand for additional evidence to be taken before the Board of Review pursuant to LSA-R.S. 23:1634 (B), and for further proceedings by the Board of Review relative to plaintiff's claim for unemployment benefits. Thigpen, supra: Gleason v. Blache, 487 So.2d 561 (La.App. 4th Cir.1986); Melady v. Louisiana Board of Review, 375 So.2d 760 (La.App. 4th Cir. 1979).
Reversed and Remanded.
NOTES
[1] LSA-R.S. 23:1600(5) provides that an unemployed individual shall be eligible to receive benefits if his pay for insured work equaled one and one half times the wages paid to him during his highest quarter. Thus, if wages were paid to Washington only during one quarter of the year, he would automatically be ineligible for benefits as that quarter would be his "highest quarter." If Washington was paid $5,400.00 during the fourth quarter of 1984, he would have had to earn at least $8,100.00 throughout the base period in order to qualify for benefits.
[2] B. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record. Such proceedings shall be heard in a summary manner and shall be given preference and priority over all other civil cases except cases arising under the worker's compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, but not inconsistent with the provisions of this Chapter, as is provided in civil cases. It shall not be necessary as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final determination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court.