665 So.2d 153 (1995)
Alfred Lee MAJOR, Plaintiff-Appellant,
v.
CINTAS/RED STICK, et al., Defendants-Appellees.
No. 94-713.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Writ Denied March 8, 1996.
*154 James Spruel Jr., for Alfred Lee Major.
Frank Theo Scott Jr., for Cintas/Red Stick, et al.
*155 Before KNOLL, COOKS, WOODARD, DECUIR and AMY, JJ.
KNOLL, Judge.
A former employee of Cintas/Red Stick, Alfred Lee Major, appeals the trial court's affirmance of a decision of the Board of Review for the Office of Employment Security that denied him unemployment benefits. The trial court ruled that there was sufficient, competent evidence to support the denial of unemployment compensation benefits based on Major's drug use in contravention of his employer's policy. We affirm.

FACTS
The record shows that Major's last work day for Cintas was January 8, 1993. A separation notice dated January 22, 1993, prepared and signed by Reggie Bostick, Cintas' plant manager, shows that Major was discharged from its employment because he "[t]ested positive on [a] drug test." On February 18, 1993, Bostick confirmed this information in answers he provided the Louisiana Department of Labor; again he stated that the reason Major was separated from his employment with Cintas was that he "[t]ested positive on [a] drug test." Printed on the reverse side of the Department of Labor form that Bostick signed in February is the following statement:
Written information timely furnished by you will be given the same full consideration as any statement you or your duly authorized representative might make in person.
In a fact-finding interview conducted by the Department of Labor, Major signed a statement on March 16, 1993, in which he said, in part, "I failed my drug test for Cintas. I was not told why. I was not taking drugs or anything."
On March 24, 1993, Major was notified in writing by the Louisiana Department of Labor that his claim for unemployment benefits had been denied. In explaining the denial, the notice stated, in pertinent part:
YOU HAVE BEEN DISQUALIFIED FOR BENEFITS FROM 01/08/93 ... SECTION 1601(10) OF THE LOUISIANA EMPLOYMENT SECURITY LAW PROVIDES THAT AN INDIVIDUAL WHO IS DISCHARGED FROM HIS EMPLOYMENT FOR THE USE OF ILLEGAL DRUGS SHALL BE DISQUALIFIED...
YOU WERE DISCHARGED FROM YOUR EMPLOYMENT BECAUSE YOU FAILED A DRUG TEST REQUIRED BY YOUR EMPLOYER PURSUANT TO A WRITTEN AND PROMULGATED POLICY OR BECAUSE YOU MISSED TOO MUCH WORK. YOUR DISCHARGE WAS FOR MISCONDUCT CONNECTED WITH THE EMPLOYMENT.
Major timely filed an appeal from his disqualification from benefits. A notice to appear for an appellate hearing on April 13, 1993, before Penelope Palermo, an administrative law judge, was mailed to the parties on March 30, 1993. The notice stated in part:
IN DETERMINING ELIGIBILITY FOR UNEMPLOYMENT INSURANCE BENEFITS, THE ISSUE(S) BEFORE THE JUDGE IS (ARE) THE CORRECTNESS OF THE FOLLOWING:
THE CLAIMANT WAS DISCHARGED AFTER FAILING A REQUIRED DRUG TEST OR BECAUSE HE MISSED TOO MUCH WORK. DISCHARGE WAS FOR MISCONDUCT CONNECTED WITH THE WORK. R.S. 23:1601(10) OR 1691(2).
When Major failed to appear at the hearing, the administrative law judge proceeded with the hearing and ruled that Major was disqualified from unemployment compensation benefits for violation of La.R.S. 23:1601(10). The Board of Review considered Major's appeal and affirmed the administrative law judge's rejection of his claim for benefits. Major then sought judicial review of the rejection of his claim. The district court found that the administrative law judge reviewed the record, and found sufficient evidence to disqualify Major from unemployment benefits based on his failure of Cintas' drug test. Accordingly, it upheld the denial of unemployment benefits. This appeal followed.

*156 APPELLATE REVIEW
Major appeals contending that the district court erred in finding that there was sufficient evidence presented to the administrative law judge to deny him unemployment compensation benefits.
The employer bears the burden of proving that the discharge resulted from disqualifying conduct. This issue is primarily factual and is left to the determination of the referee and the board of review. La.R.S. 23:1634. There must be legal and competent evidence to support the factual findings on which the administrative decision turns. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981). In administrative hearings, however, the usual rules of evidence do not apply and hearsay is generally admissible. La.R.S. 23:1631; Gardere v. Brown, 170 So.2d 758 (La.App. 1 Cir.1964). Nevertheless, the jurisprudence recognizes that hearsay evidence is not competent to overcome an employee's direct, contradictory testimony. Credit v. Whitfield, 488 So.2d 1064 (La.App. 2 Cir.1986), and cases cited therein. As exemplified in Thigpen v. Administrator, Office of Employment Security, 488 So.2d 1213 (La.App. 4 Cir.1986), the admission of hearsay as competent evidence in cases where the fact is contradicted would deprive the claimant of a fair opportunity to rebut or cross-examine the offending documents.
Under the provisions of La.R.S. 23:1634(B) our judicial review must be confined to questions of law. In the absence of fraud, the findings of fact of the Board of Review are conclusive if supported by sufficient evidence. Washington v. Whitfield, 521 So.2d 542 (La.App. 4 Cir.1988). Our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence, or substituting the views of this court for those of the Board of Review as to the correctness of facts. Id.
From the outset, it is important in the case sub judice to recall that Major did not attend the initial administrative hearing that he provoked and he did not contradict that he tested positive for drugs. Pursuant to Rule 113 of the Louisiana Board of Review, the Louisiana Administrative Law Judge did not take testimony and instead chose to render a decision based on the record. Despite receiving notification of his right to reopen the hearing if he could show good cause for his failure to appear before the administrative law judge, Major did not request to reopen the hearing for him to testify or produce evidence.
It is likewise important that Major does not contend that fraud was involved in his dismissal. The record further shows that Major did not attack the integrity of the drug test in any of the statements he gave or the documents he filed with the Office of Employment Security. Additionally, in none of his filings with the Louisiana Department of Labor did Major ever deny that Cintas had a written promulgated drug policy. Furthermore, at no time in the district court or in argument before us does Major complain that the notices he received were inadequate to comply with the procedural due process requirements.
In light of these prefatory comments, we find no reason to exclude the claim form, the separation notice, and the compilation of Major's fact-finding interview as incompetent evidence. As depicted hereinabove, Major was not present at his hearing. Accordingly, it cannot be said that the consideration of this evidence deprived Major of a fair opportunity to rebut or cross-examine the offending documents.
In the case sub judice, Major stated in his fact-finding interview that he failed his drug test, but that he was not told why. Although the official drug report was not entered into evidence, the notices recited in the factual portion of this opinion indicated that the drug involved was illegal and there is no suggestion otherwise. As a factual basis for her decision, the administrative law judge referred to Cintas' written statements on the claim and separation forms that Major's drug test was positive. Under the provisions of La.R.S. 23:1601(10) drug use constitutes dischargeable misconduct per se. Under the facts of this case, we find that the evidence sufficiently supports the administrative ruling.
*157 For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Major.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.
AMY, J., dissents.
COOKS, Judge, dissenting.
Major was adjudicated guilty of disqualifying conduct under LSA-R.S. 23:1601(10), which provides as follows:
§ 1601. Disqualification for benefits
An individual shall be disqualified for benefits:
(10)(a) If the administrator finds that he has been discharged by a base period or subsequent employer for the use of illegal drugs. For the purposes of this Paragraph, "misconduct" shall include discharge for either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812 Schedules I, II, III, IV, and V. In order to support disqualification for drug use under this provision, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the only results of employer-administered tests that shall be considered admissible evidence are those that are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer. Discharge of an employee for refusal to submit to a drug test, as set forth above, shall be presumed to be for misconduct....
* * * * * *
(c) All sample collection and testing for drugs under this Chapter shall be performed in accordance with the following conditions:
(i) The collection of samples shall be performed under reasonably sanitary conditions.
(ii) Samples shall be collected and tested with due regard to the privacy of the individual being tested, and in a manner reasonably calculated to prevent substitutions or interference with the collection or testing of reliable samples.
(iii) Sample collection shall be documented, and the documentation procedures shall include:
(aa) Labeling of samples so as reasonably to preclude the probability of erroneous identification of test results; and
(bb) An opportunity for the employee to provide notification of any information which he considers relevant to the test, including identification of currently or recently used prescription or nonprescription drugs, or other relevant medical information.
(iv) Sample collection, storage, and transportation to the place of testing shall be performed so as reasonably to preclude the probability of sample contamination or adulteration; and
(v) Sample testing shall conform to scientifically accepted analytical methods and procedures. Testing shall include verification or confirmation of any positive test result by gas chromatography, gas chromatography-mass spectroscopy, or other comparably reliable analytical method, before the result of any test may be used as a basis for disqualification under R.S. 23:1601(10). Test results which do not exclude the possibility of passive inhalation of marijuana may not be used as a basis for disqualification under this Paragraph. However, test results which indicate that the concentration of total urinary cannabinoids as determined by immunoassay equals or exceeds fifty nanograms/ml shall exclude the possibility of passive inhalation.
(d) Within the terms of the policy, an employer may require the collection and testing of samples for the following purposes:
(i) Investigation of possible individual employee impairment.
(ii) Investigation of accidents in the workplace or incidents of workplace theft.
(iii) Maintenance of safety for employees or the general public; or security of property or information.

*158 (iv) Maintenance of productivity, quality of products or services, or security of property or information.

* * * * * *
The employer bears the burden of proving by a preponderance of the evidence that a discharge resulted from disqualifying misconduct. Banks v. Administrator, Department of Employment Security, 393 So.2d 696 (La. 1981); Ward v. Office of Employment Sec., 493 So.2d 777 (La.App.2d Cir.), writ denied 496 So.2d 353 (La.1986). Legal and competent evidence must exist to support the factual findings on which an administrative determination turns. Banks, supra., Simmons v. Gerace, 377 So.2d 407 (La.App.2d Cir.1979).
Major did not admit using any illegal drugs. As noted by the Majority, the record contains a statement signed by Major specifically protesting he "was not taking drugs or anything." Major also stated the employer told him the reasons for the discharge was he "was taking too much time off." The only disqualifying proof in the record are two written statements, both prepared and signed by Reggie Bostick (Cintas' plant manager), relating Major was discharged because he "[t]ested positive on [a] drug test." The actual test results were not offered or submitted as evidence and the employer failed to disclose what drug the test indicated Major used.
LSA-R.S. 23:1601(10) sets forth certain mandatory requirements for the collection and testing of samples for drug screening. Absent compliance with these requirements, drug test results are not admissible as disqualifying evidence. The referenced statute states unequivocally "the only results of employer-administered tests that shall be considered admissible evidence are those that are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer." Bostick's statements are not "drug test results."
Although the rules in administrative proceeding are generally relaxed and permit introduction of hearsay evidence, as noted by the Majority, the legislature has adopted specific provisions controlling the admissibility of drug test evidence in employment cases.
The Majority's analysis misses the issue. Bostick's statements evidence "nothing at all." They are as probative in value as Chicken Little saying "the sky is falling, the sky is falling." The statements do not reflect that Bostick even saw the test results.
At best the statements constitute self-serving hearsay assertions of the "worst kind." Major was not required to appear and rebut these statements. The legislature has already judged this evidence incompetent and inadmissible. No tribunal whether administrative or appellate has the authority to redraft legislation. The record before us contains "no evidence" we are permitted to judge competent. Major's silence is not evidence of guilt. He was not obliged by law to respond at all. The employer bears the evidentiary burden of proving the discharge resulted from disqualifying conduct. Major denied "taking any drugs or anything"that is more than the law required him to say.
I must respectfully dissent.