h KNOLL, Judge.
In this unemployment compensation case, the sole issue is whether the Division of Employment Security properly granted unemployment benefits to Todd Weathersby, a worker for Bean Dredging Corporation, who failed his pre-employment drug screening. Finding in favor of the employee, the administrative law judge concluded:
The evidence and testimony presented indicate that the claimant was discharged from his employment because he failed a pre-employment drug screen test. A disqualification for benefits under [La.R.S. 23:1601(10) ] is not applicable in this case as the claimant was not actually an employee of the company at the time that the drug use took place. As such, the claimant’s discharge was not for misconduct connected with the employment. He is entitled to benefits.
Bean Dredging appeals, contending that the district court erred in ruling that under La.R.S. 23:1601(10), an employee discharged for failing a pre-employment |2drug screen mandated by federal law and company policy, is entitled to unemployment compensation benefits. We reverse.
FACTS
Todd P. Weathersby (Weathersby) sought employment with Bean Dredging Corporation (Bean). Bean has a substance abuse policy which Weathersby received, read, and agreed to follow. The policy states, in pertinent part:
BEAN prohibits ALL employees and contractors from reporting to work having used illegal or unauthorized drugs or reporting under the influence of alcohol as determined by abnormal behavior and/or a positive drug/aleohol screening test, regardless of when or where the prohibited substance entered the person’s system. Possessing, or consuming alcoholic beverages, illegal or unauthorized drugs or controlled substances while on BEAN’s premises (includes offices, parking lots, all work locations, desks, lockers, living areas, restrooms, break rooms, and any motor vehicle, vessel, or aircraft engaged in business in behalf of the Company) is strictly prohibited as well.
Additionally, all applicants, employees and contractors will be required as a condition of employment to submit to requested drug and/or alcohol testing from time to time. Such testing will be performed in accordance with this policy and with the requirements of Federal Law.
Any employee who reports to work under the influence of alcoholic beverages or having used illegal or unauthorized drugs will be subject to removal from company premises and to disciplinary action, up to and including discharge. Additionally, the presence of illegal drugs, controlled substances or alcohol in the employee’s system may result in the denial of Worker’s Compensation or unemployment compensation benefits.
Additionally, when Weathersby filled out his employment application and before he submitted his drug screening, he signed a typed statement which provided as follows:
“I am aware that BEAN and its subsidiary companies do pre-employment drug screening and that in order to become employed and remain employed, my pre-employment drug screen must be negative. I am not an illegal drug user and at this time I can pass a drug screen. I understand that if I am put to work prior to receipt of a test result indicting [sic] the presence of illegal Udrugs in my body, I will be immediately discharged for deliberately falsifying employment information. The above action will be based on the statement signed by me certifying to my drug free condition.
I also understand that a discharge from employment for filing a fraudulent employment application will jeopardize my right to receive unemployment insurance benefits which are based on my previous employment.”
In accordance with its substance abuse policy, Bean required Weathersby to submit to a drug screen as part of a pre-employment physical. On October 3, 1994, Weathersby submitted himself for the required pre-em-ployment drug screen. On October 5, 1994, Bean put Weathersby to work prior to re *1022 ceiving the test results. Weathersby worked for Bean from October 5,1994, through October 10, 1994. Bean terminated Weathersby on October 10, 1994, in light of his positive test for cocaine.
The Division of Employment Security awarded Weathersby unemployment compensation benefits, finding that Bean failed to submit a copy of the drug screening test results and that Weathersby denied drug usage. Bean appealed and, among other items, entered a copy of the drug screen test results into evidence. An administrative law judge affirmed the decision of the Division of Employment Security. Again, Bean appealed. The board of review affirmed the finding of the administrative law judge. Bean then perfected an appeal to the district court. After finding that the decision of the board of review was based upon evidence sufficient to support its finding, the district court affirmed the board of review.
ANALYSIS
Bean contends on appeal that the trial court erred when it held that Weathersby’s drug use occurred prior to his employment and, therefore, was not job related. It argues that it immediately put Weathersby to work on his signed ^attestation in his employment application that he was free of drugs and would pass the drug test.
For a claimant to be disqualified from benefits because of “misconduct connected with his employment” under R.S. 23:1601(2), the misconduct must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Eugene v. Adm’r Div. of Emp. Sec., 525 So.2d 1185 (La.App. 5 Cir.1988). The employer bears the burden of proving that the discharge resulted from disqualifying conduct. This issue is primarily factual and is left to the determination of the referee and the board of review. La.R.S. 23:1634. There must be legal and competent evidence to support the factual findings on which the administrative decision turns. Banks v. Administrator of Dept, of Employment, 393 So.2d 696 (La.1981). In administrative hearings, however, the usual rules of evidence do not apply and hearsay is generally admissible. La.R.S. 23:1631; Gardere v. Brown, 170 So.2d 758 (La.App. 1 Cir.1964). Nevertheless, the jurisprudence recognizes that hearsay evidence is not competent to overcome an employee’s direct, contradictory testimony. Credit v. Whitfield, 488 So.2d 1064 (La.App. 2 Cir.1986), and cases cited therein. As exemplified in Thigpen v. Administrator, Office of Employment Security, 488 So.2d 1213 (La.App. 4 Cir.1986), the admission of hearsay as competent evidence in cases where the fact is contradicted would deprive the claimant of a fair opportunity to rebut or cross-examine the offending documents.
Under' the provisions of La.R.S. 23:1634(B) our judicial review must be confined to questions of law. In the absence of fraud, the findings of fact of the Board of Review are conclusive if supported by sufficient evidence. Washington v. Whitfield, 521 So.2d 542 (La.App. 4 Cir.1988). Our review does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence, or substituting the views of this court for those of the Board of Review as to the correctness of facts. Id.
From the outset we note the correctness of the prior administrative and appellate determination that Weathersby’s drug use/exposure to illegal drugs occurred prior to his employment with Bean. Notwithstanding that fact, we find that the administrative bodies and the district court failed to consider the rest of the facts applicable herein which provide the employment flavor needed to assess the merits of Weathersby’s claim.
We find that two significant facts emerge in this ease: (1) Bean considered the need for a drug free work setting so important that it promulgated special drug rules applicable to job applicants and its employees; and (2) because of the significance that Bean placed on the need to be drug free, Bean’s employment of Weathersby was made subject to a resolutory condition, namely, a negative drug test.
Against this backdrop, we find several facts that are dispositive of the question pre *1023 sented. First, Weathersby stated that he could pass a drug screen when he sought employment with Bean. Second, the record further establishes that Weathersby understood that he would be discharged from Bean’s employ if the drug test result indicated the presence of illegal drugs in his body and that his entitlement to unemployment compensation would be jeopardized.
When we couple the positive drug test with the written assertions that Weath-ersby made in his employment application, we find that Weathersby made false assertions to Bean that contravened the drug policy it established and constituted 16misconduct connected with his employment. We recall that in the written statement Weathersby signed as part of his employment application, he stated:
I understand that if I am put to work prior to receipt of a test result indicting [sic] the presence of illegal drugs in my body, I will be immediately discharged for deliberately falsifying employment information. The above action will be based on the statement signed by me certifying to my drug free condition.
(Emphasis added).
Accordingly, we find that the trial court and the administrative tribunals erred as a matter of law in finding that Weathersby was not guilty of misconduct connected with his employment. Therefore, we reverse the decisions of the trial court and the administrative tribunals, and find that Weathersby is not entitled to unemployment compensation benefits.
For the foregoing reasons, the judgment of the trial court and the rulings of the Office of Employment Security are reversed and set aside. Costs of this appeal are assessed to the defendants.
REVERSED AND RENDERED.
THIBODEAUX and COOKS, JJ, dissent and assign reasons.