816 So.2d 877 (2002)
Cheri C. DELAUREAL
v.
Garey FORSTER, Administrator of the Louisiana Office of Employment Security.
No. 2001-CA-2094.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 2002.
*878 Rowena T. Jones, New Orleans Legal Assistance Corporation, New Orleans, LA, for Plaintiff/Appellant.
Norbert C. Rayford, Louisiana Department of Labor, Baton Rouge, LA, for Defendant/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge DENNIS R. BAGNERIS, SR.)
ARMSTRONG, Judge.
The plaintiff, Cheri Delaureal, appeals a trial court judgment affirming a decision of an Administrative Law Judge (ALJ) that her job at the University of New Orleans (UNO) from January to May of 1999 when she was a student at UNO was not considered employment so that her wages during this time were not included in determining her unemployment compensation benefits. For the following reasons, we affirm.
In 1996, Ms. Delaureal began taking classes at UNO in the Medical Coding program. She was hired by UNO as a part-time conference worker who set up facilities for conferences and performed other clerical work. In May 1999, Ms. Delaureal obtained her certificate in her course of study. She continued to work at UNO until October 31, 1999, after which she filed for unemployment compensation benefits effective April 23, 2000.
When a dispute arose about the amount of benefits Ms. Delaureal was entitled to, an administrative hearing was held. After the hearing, the ALJ concluded that the wages Ms. Delaureal earned from January to May of 1999 could not be included in the amount she earned during the base period (the 1999 calendar year) because her status as a student at UNO prevented her job from being covered employment under Louisiana's Employment Security Law, La.R.S. 23:1471 et seq., the statutory basis for the state's unemployment compensation program.
Ms. Delaureal filed a Petition for Judicial Review and for declaratory judgment against the Louisiana Office of Employment Security, asserting that because no Louisiana cases or regulations interpreted the statute at issue, the trial court should look to how other states have interpreted similar statutes. In her Reasons for Judgment, the trial judge set out the specifics *879 of Ms. Delaureal's argument and provided cogent reasons for her decision:
Specifically, plaintiff asserted that over forty states have a provision in their unemployment compensation laws virtually identical to [La.R.S. 23:1472(12)(H)(XII)(b) ], and the courts in at least nine of those states have issued decisions interpreting and applying the provision. An analysis of these decisions show that there are three (3) ways in which to determine if work performed for a school, college, or university is incidental to a course of study: (1) the work is classified as "work-study" which is offered to a student as part of her school-awarded financial aid, (2) the position held is limited to students of the school, and therefore if the employee ceases to be a student, the student's employment is terminated; and (3) the primary relationship to the school is one of a student, who also happens to work for the university, not the reverse.
With regard to these factors, plaintiff asserted that (1) her job at UNO was not part of any scholarship she had to attend the university, (2) her job was not contingent upon her student status, since there were a number of semesters when she [was] not enrolled as a student but continued to work for UNO, and (3) her primary relationship with UNO was that of an employee, and not a student. For these reasons, plaintiff averred that the Board's decision that the work she performed from January 1999-May 1999 did not constitute "employment" under Louisiana Employment Security Law, is inconsistent with federal law, as well as the legislative purpose of the statute, and therefore should be reversed. This court disagrees.
Upon a thorough review of the record, the Court finds that plaintiff was a student at UNO from January 1999 until her graduation in May 1999, the period of employment at issue. Moreover, the Court finds that plaintiff was hired by UNO in 1996 to work in the administrative office as a conference worker, and that this job was advertised as a work study and geared to attract and employ UNO students-like the plaintiff in this matter. For these reasons, the Court finds that plaintiff's primary relationship with UNO was that of a student, and not of an employee.... The ALJ's decision is hereby affirmed, and the plaintiff's Petition for Declaratory Judgment is denied.
Ms. Delaureal has appealed the March 28, 2001 judgment of the trial court affirming the Louisiana Employment Security Board of Review's decision to approve the ALJ's determination.
In unemployment compensation benefits cases, the trial court determines whether the facts are supported by competent evidence and whether the facts, as a matter of law, justify the action taken. Banks v. Administrator of Dept. of Emp. Sec. of State of La., 393 So.2d 696 (La. 1981); Black v. Sumrall, 413 So.2d 252 (La.App. 4 Cir.4/7/82). Ms. Delaureal maintains that her primary relationship with UNO was as an employee, not as a student. Admitting that her job was originally advertised as a work-study position, Ms. Delaureal argues that she was never involved in the school's work-study program and that she was hired for only one job first as a student worker, then as a part-time employee, and then as a contract worker.[1] She asserts that she remained *880 steadily employed at UNO although she did not take courses each semester.
In the only assignment of error briefed, Ms. Delaureal argues that the trial court erred as a matter of law by affirming the ALJ's decision to exclude her wages for the five-month period in 1999 from the calculation for unemployment compensation benefits. She argues that her status as a student at UNO during those months should not prevent her from including those wages for benefits because the exclusionary provision of the statute directed at students who work should be interpreted liberally.
La. R.S. 23:1472(12)(H) describes one of the several categories of employment excluded from coverage under the State's unemployment compensation program:
The term "employment" shall not include ...
XII.... (b) service performed in the employ of a school, college, or university, if such service is performed by a student who is enrolled and is regularly attending classes at such school, college, or university[.]
Arguing that this provision does not sufficiently define words such as "student" or "enrolled and is regularly attending classes," Ms. Delaureal relies upon similar federal statutes and jurisprudence from other states to support her argument. Ms. Delaureal references section 2 of the following federal regulation relevant to the Federal Unemployment Tax Act:
(1) For purposes of this section, the type of services performed by the employee, the place where the services are performed, and the amount of remuneration for services performed by the employee are immaterial; the tests are the character of the organization in the employ of which the services are performed and the status of the employee as a student enrolled and regularly attending classes at the school, college, or university, in the employ of which he performs the services.
(2) The status of the employee as a student performing the services shall be determined on the basis of the relationship of such employee with the organization for which the services are performed. An employee who performs services in the employ of a school, college, or university as an incident to and for the purpose of pursuing a course of study at such school, college, or university has the status of a student in the performance of such services.
26 C.F.R. 31.3306(c)(10)-2(c)(2). This federal regulation, applicable to a federal tax statute, does not validate Ms. Delaureal's argument. It only provides an example of an instance in which an employee is considered to have student status; it does not limit this status to only those workers performing services "incident" to the pursuit of a course of study.
The cases cited by Ms. Delaureal from other jurisdictions are likewise not compelling. The casesall denying eligibility for unemployment compensation benefits tend to encourage analysis into factors unique to each case. Furthermore, the cited jurisprudence gives no support for Ms. Delaureal's proposed method of considering the three factors mentioned in these cases, that is, to consider the three factors together rather than separately.
Ultimately, in this case, while Ms. Delaureal does have a few factors supporting her position, the relevant factors discussed by the ALJ and repeated by the trial court overwhelmingly favor the position taken by the Office of Employment Security. A part-time position, advertised for student workers and given to someone enrolled at the school and pursuing a certification indicates that the individual who obtains the *881 position has a primary relationship to the school as a student.
Even the most liberal interpretation of the applicable state statute does not compel the conclusion that Ms. Delaureal is entitled to have the first five months of 1999 included in the computation for unemployment compensation benefits. Rather than adopting a "hyper-technical" construction of the statute as Ms. Delaureal contends, we are simply reading the statute as it is written.
For the foregoing reasons, we affirm the judgment of the trial court which concluded that the facts found by the ALJ were supported by competent evidence and that, as a matter of law, the facts justified the denial of certain unemployment compensation benefits to Ms. Delaureal.
AFFIRMED.
NOTES
[1] The propriety of and the resolution of UNO's action changing Ms. Delaureal's job status is not relevant to this appeal. Nonetheless, at the hearing, Ms. Delaureal admits that she began her job as a "student worker."